CHICAGO & NORTHWESTERN RAILWAY COMPANY and another, Respondents, vs. UNION LIME COMPANY, Appellant.

*February 21—March 11, 1913.*

*Constitutional law: Railroads: Spur tracks: Eminent domain: Powers of railroad commission.*

Secs. 1797—11m and 1797—12n, Stats., are valid. *Union Lime Co. v. Railroad Commission,* 144 Wis. 523, followed.

APPEAL from an order of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This is an appeal by the *Union Lime Company* from the order of the circuit court appointing commissioners to ascertain and appraise the compensation to be made to the owners of real estate which it is sought to take to build a spur track as part of the *Chicago & Northwestern Railway Company's* spur tracks at the place therein designated and described.

For the appellant the cause was submitted on the brief of *Lines, Spooner, Ellis & Quarles.*

For the respondent railway company the cause was submitted on the brief of *Edward M. Smart.*

*L. E. Lurvey,* for the *Eden Independent Lime & Stone Company,* intervener and respondent.

SIEBECKER, J. The Nast Brothers Lime & Stone Company and the *Union Lime Company* are engaged in operating stone quarries and lime works in section 6, township 14 north, range 18 east, in Fond du Lac county. The *Chicago*

*& Northwestern Railway Company* is the owner of and is operating a spur track, with branches, switches, and sidings from its main line, through section 5 of the town and range mentioned above. This spur track terminates where it serves the business and interests of the *Union Lime Company*. A map of the location of the properties of the parties and the existing railroad tracks is made a part of the record and appears on the opposite page.

The *Eden Independent Lime & Stone Company* is the owner of premises, quarries, plants, buildings, lime kilns, etc., in section 6. Some time prior to June 30, 1911, the *Eden Independent Lime & Stone Company* petitioned the railroad commission of Wisconsin that the railway company be ordered and required to construct a spur track to its premises from the terminus of the spur track on the premises of the *Union Lime Company*. The commission made the following order upon the petition:

"It is therefore ordered, that the *Chicago & Northwestern Railway Company* construct a suitable sidetrack as prayed for by the petitioner herein, along the route designated by the blue print attached to the original petition, which sidetrack shall be an extension of the railway company's track marked 'D' on said blue print.

"It is further ordered, that the petitioner herein deposit with the *Chicago & Northwestern Railway Company* the sum of one thousand six hundred and sixty dollars ($1,660), the estimated cost of the proposed extension, and in addition thereto the sum of two hundred dollars ($200) to cover the portion of the right of way which has to be acquired by condemnation or otherwise; and also give the railroad company a bond, to be approved by the commission as to form, amount, and surety, securing the railroad against loss on account of any expense incurred beyond the amount of the deposit with the railroad.

"Sixty days is deemed a reasonable period of time within which to comply with the provisions of this order. If for any valid reason compliance with the order cannot be made within such time, the commission will extend the same upon application."

The railway company's application to the circuit court for condemnation of the real estate for the proposed spur track is based upon this order of the railroad commission. The land proposed to be taken belongs to the *Union Lime Company*, a party to the proceedings. For additional facts involved in the proceedings, reference is made to those set forth in the report of the case in this court of *Union Lime Co. v. Railroad Commission*, 144 Wis. 523, 129 N. W. 605.

The *Eden Independent Lime & Stone Company*, intervener, asserts that the order appointing commissioners for condemnation of the lands specified in the petition, pursuant to the order of the railroad commission, is proper and valid. The appellant, the *Union Lime Company*, asserts the order is invalid and void, upon the ground that secs. 1797—11*m* and 1797—12*n*, Stats., under which the order was made, are unconstitutional, for the reason that these statutes attempt to confer authority on the railroad commission to authorize the taking of appellant's property for a private use; and because the taking of appellant's land, under the petition of the railway company herein, as ordered by the lower court, is for a private use, therefore denies the appellant the equal protection of the laws, and is contrary to the Fourteenth amendment to the constitution of the United States. The trial court held that the use for which appellant's land "is sought to be taken and condemned is a public use, and that such taking will not deprive the *Union Lime Company* of its property without due process of law, or violate any provision of the constitution of the United States or any amendment thereof." The court held that the statutes above referred to did not in any of their provisions conflict with the provisions of the United States or state constitutions, and that the railroad commission of Wisconsin had power and authority to entertain the proceeding and to make the order heretofore referred to.

The appellant, on this appeal, asserts no error save the contention that secs. 1797—11*m* and 1797—12*n*, Stats., are

void because they violate the provisions of the Fourteenth amendment .to the federal constitution. In the case of the *Union Lime Co. v. Railroad Commission,* 144 Wis. 523, 129 N. W. 605, this appellant raised the same question on the appeal to this court, in an action to set aside the railroad commission's order to have the appellant's property condemned for a spur track, and this court declared the statutes constitutional.

The railway company instituted this proceeding to condemn the appellant's property for railroad purposes, as directed in such order of the railroad commission. An examination of the questions as presented on this appeal discloses no new grounds or reasons which impeach the correctness of the conclusions announced in the decision on this question then before us, nor is anything submitted now, which in our view suggests that these statutes conflict with any of the provisions of the United States or state constitutions or any amendment thereof. We do not deem it necessary in the instant case to repeat the considerations which form the basis of the decision in the former case, and it suffices to say that the questions presented on this appeal are ruled by that case, and hence the order appealed from must stand.

*By the Court.*—The order appealed from is affirmed.