BRADLEY *v.* LITHONIA & ARABIA MOUNTAIN RAILWAY CO.

ATKINSON, J.   1. If a corporation seeks to condemn private property under the power of eminent domain, and the owner of the property sought to be condemned institutes an equitable action to enjoin the statutory condemnation proceedings on the ground that the corporation has no power of eminent domain, and that the proceedings in reality amount merely to an attempt to take private property for private purposes, and the judge at chambers grants an interlocutory injunction, and, while the case is pending in the Supreme Court on writ of error, another corporation of the same character is organized by the stockholders of the former for the purpose of carrying on the same corporate business, and the latter corporation acquires the properties and franchises of the former and institutes separate proceedings to condemn the land to which the interlocutory injunction related, the pendency of the former suit and the grant of the temporary injunction will not furnish ground for enjoining the condemnation proceedings instituted by the second corporation.

2. A commercial railroad company duly chartered by the secretary of State may ordinarily condemn private property for the purpose of locating its railroad under the power of eminent domain, and may exer-

cise such power for the purpose of constructing a spur-track from its main line where the purpose of the spur-track is for public utility. Whether it is such will depend upon the right of the public to use it, rather than the number of persons who actually use it. If the public generally have a right and but one person uses the spur-track, the purpose is deemed to be public; but if the public generally are excluded, and the use of the spur-track is limited to that of an individual enterprise, it is not public, and the power of eminent domain can not be exercised for the purpose of locating the track. *Harrold* v. *Mayor etc. of Americus*, 142 *Ga.* 686 (83 S. E. 534); *Atlanta, Stone Mountain & Lithonia R. Co.* v. *Bradley*, 141 *Ga.* 740 (81 S. E. 1104); *Bradley* v. *Lithonia & Arabia Mountain R. Co.*, 141 *Ga.* 741 (82 S. E. 138).

3. The trial judge in ruling upon the general and special grounds of demurrer, after sustaining so much of the petition as alleged grounds for injunction upon the basis of the purpose of constructing the spur-track being private and one for which the right of eminent domain could not be exercised, did not err in striking so much of the petition as related to other grounds of relief. The judgment upon demurrer is not to be construed as striking from the petition any of the allegations bearing upon the character of the purpose for which the spur-track was intended to be constructed.

4. None of the several rulings on the admissibility of evidence show substantial error. The excerpts from the charge upon which error was assigned were in accord with the rulings stated in the preceding notes. In so far as certain requests stated correct principles of law applicable to the case, they were covered by the general charge.

5. The evidence was sufficient to support the verdict for the defendant, and there was no error in refusing a new trial.

　　　　　　　　*Judgment affirmed. All the Justices concur.*
　　　　　　　　　　MAY 16, 1917.

Equitable petition. Before Judge Smith. DeKalb superior court. September 15, 1916.

*R. B. Blackburn*, for plaintiff.

*James L. Key, McDaniel & Black*, and *E. A. Neely*, for defendant.