## RAILROAD COMMISSION OF GEORGIA *et al. v.* LOUIS-VILLE & NASHVILLE RAILROAD COMPANY.

1. Under the Civil Code, § 2664, the Railroad Commission of Georgia has power and authority to require railroad companies to build spur-tracks and side-tracks: (1) when such construction is practicable, and the business to be derived by the railroad company shows the order to be reasonable; and (2) when the facts show that such track is a public track and constructed for the benefit of the public.

2. The petition did not set out a cause of action, and the court erred in overruling the demurrer interposed by the defendant.

No. 728.    SEPTEMBER 14, 1918.

Equitable petition. Before Judge Pendleton. Fulton superior court. April 30, 1917.

The Louisville and Nashville Railroad Company filed an equitable petition against the Railroad Commission of Georgia and others, alleging in substance as follows: The Roberts Marble Company, a partnership doing business at Ball Ground, Cherokee County, Ga., had theretofore presented to the commission its petition praying for an order directed to the railroad company to construct and operate, "for the benefit of said marble company," a spur-track leading to the plant of the marble company substantially as provided for in a blue-print sketch attached to the petition. The railroad company filed its answer to the petition with said commission, objecting to the granting of the order, on various grounds, among them, that it would be a discrimination among shippers and was not for the advantage of the public, but would be for the use and advantage of an individual enterprise; that no compensation was offered or would be afforded the respondent as a consideration for the expense thus incurred; that the commission was without power and authority to require respondent to build a spur-track for the sole accommodation, convenience, and use of a private individual, it not being a facility for the public, and for the commission to so order would be taking the property of respondent without due process of law and in violation of specified portions of the State and Federal constitutions. The railroad company expressed a willingness to construct the track according to certain specifications and terms, which it insisted were reasonable. The issues thus made were heard by the railroad commission, and on the hearing there was evidence that the spur-track, if constructed as prayed for, would be a private spur-track for the marble company, a private enterprise, and for its service, use, and benefit,

and not a public siding or track for the service, use, and benefit of the public; and that the terms proposed by the railroad company for such construction were reasonable. Thereafter the railroad commission passed an order directing the railroad company to construct the spur-track prayed for by the marble company, upon condition that the marble company should pay certain specified costs of construction; that the railroad company should furnish, without charge to the marble company, all necessary rails, spikes, switch-points, bars, and other track materials not specifically mentioned in said order and necessary for the construction of said spur-track; and that the marble company and the railroad company should, within thirty days, notify the commission of their acceptance of the conditions embraced in the order, and within a specified time the marble company should deliver to the railroad company a certified check for the amount required of the marble company under the terms of the order. The marble company complied with the requirement, and notified the commission of its acceptance and that it stood ready to forward its certified check as directed; and the marble company tendered to petitioner its certified check in compliance with the order of the commission, which check petitioner declined to receive. The petitioner alleges that it is not within the power and authority of the railroad commission to make the order above referred to; that said order is illegal and void, and petitioner declined to comply with it, for the reasons stated in its response to the railroad commission and here restated, and also because it deprived petitioner of the equal protection of the law as provided in the fourteenth amendment to the constitution of the United States; that the order is illegal and void in that it constitutes the taking of private property for private purposes; and that petitioner has no adequate remedy at law. The prayers are: (1) that the order of the railroad commission be decreed to be illegal, invalid, null and void; (2) that the railroad commission and its several members and their successors in office be permanently enjoined from enforcing said order against petitioner, or against its servants, agents, and employees, and from taking any steps towards prosecuting petitioner, or its officers, agents, and employees, on account of failure or refusal to obey said order; (3) that the secretary of the commission be enjoined from furnishing any certified copy of said order to be used in any proceeding or prosecution in any of the courts of this State against petitioner,

its officers, agents, or employees; (4) for an injunction pendente lite; (5) for general relief and process.

To this petition the defendants interposed a demurrer on the grounds: (1) that no cause of action is set out in the petition; (2) that under the facts stated the plaintiff is not entitled to any relief, legal or equitable; (3) that the railroad commission, under the Civil Code, § 2664, was authorized to pass said order; and (4) that the order does not deprive the petitioner of its property or property right without due process of law. The demurrer was overruled, and the defendants excepted,

*James K. Hines,* for plaintiffs in error.

*Tye, Peeples & Tye,* contra.

GILBERT, J. The Railroad Commission of Georgia has "authority to prescribe rules with reference to spur-tracks and side-tracks, with reference to their use and construction, removal or change, with full power to compel service to be furnished to manufacturing plants, warehouses, and similar places of business along the line of railroads, where practicable, and in the judgment of the commission the business is sufficient to justify, and on such terms and conditions as the commission may prescribe." Civil Code (1910), § 2664. Under this statute the commission is authorized to require railroad companies to build spur-tracks and side-tracks, within constitutional limitations. Mo. Pac. Ry. Co. *v.* Neb., 217 U. S. 196 (30 Sup. Ct. 461, 54 L. ed. 727, 18 Ann. Cas. 989). Taking the entire section together, we think the legislative intent in conferring "authority to prescribe rules" with reference to such tracks includes authority to determine when and under what terms and conditions the same are to be constructed, and this view is consistent with the language immediately following, viz., "with reference to their use and construction, removal or change." The commission would be without power to take private property for private purposes, because this is opposed to the "elemental conception of individual ownership, and forbidden by the organic law of the State and the United States." *Harrold* v. *Americus,* 142 Ga. 686, 688 (83 S. E. 534). Consequently the section must be construed with reference to this constitutional inhibition; and thus construed, the section empowers the commission to require a railroad company to construct spur-tracks or side-tracks: (1) when such construction is practicable, and the business to be derived by the railroad company shows the order to be reasonable; and

(2) when the facts show that such track is a public track and constructed for the benefit of the public. In the case just cited Presiding Justice Evans elaborately discussed the rule for determining whether a spur-track was of a private or public nature, citing numerous authorities. It is sufficient to say, without repeating the arguments there found, that the conclusion reached as to the test is as follows: "If the track is to be open to the public, to be used on equal terms by all who may at any time have occasion to use it, so that all persons who have occasion to do so can demand that they be served without discrimination, not merely by permission, but as of right, and if the track is subject to governmental control under general laws, such as are the main lines of a railroad, then the use is a public one." The fact that the track may be for the present benefit of only one industry, while important in determining the character of the use, does not necessarily negative the public character of the use. Id. 688; Union Lime Co. v. Chicago &c. Ry. Co., 233 U. S. 211 (34 Sup. Ct. 522, 58 L. ed. 924); Watkins on Shippers & Carriers, 21. While a chartered commercial railroad company "may ordinarily condemn private property under the power of eminent domain, to enable it to serve the public as a common carrier, it can not exercise the power of eminent domain to acquire title to property to serve a mere private use." *Bradley* v. *Lithonia R. Co.*, 141 *Ga.* 741 (82 S. E. 138). Nor can a portion of the road-bed or right of way be taken for private use, except by due process of law and after just compensation. Mo. Pac. Ry. Co. v. Neb., supra. Construing the section of the code above mentioned as empowering the commission to order the building of spur-tracks for public use, the section is given a construction consistent with the constitution, preserving its validity; and this, we think, was the legislative intention.

In Union Lime Co. v. Railroad Commission, 144 Wis. 523 (129 N. W. 605), it was said: "Such track, when built, becomes a portion of the trackage of the railroad. The fact that its initial cost is borne by the party primarily to be served, with provisions for subsequent equitable division of such cost, does not make it a private track nor change the nature of its use. Over it the products of the industry find their way into the markets of the world, and every consumer is directly interested in the lessened cost of such products resulting from the building and operation thereof. That these products are supplied by a single owner, or by a limited

number of owners, affects the extent and not the nature of its use —the track is none the less a part of the avenue through which the commodities reach the public. Subject to the equitable division of initial cost, the track is at the service of the public as much as any other, and it constitutes an integral part of the railroad system. The duty to maintain and operate it rests upon the railroad. Except that it is relieved of the initial cost of right of way and construction, the track stands in the same relation to it that any other portion of its track does. The owner of the industry obtains no interest in or control over it beyond that of being served by it equally with any one else who may desire to use it." The decision in that case was followed in Chicago &c. Ry. Co. *v.* Union Lime Co., 152 Wis. 633 (140 N. W. 346), which decision was affirmed in 233 U. S. 211, 222 (supra), where it was said by Mr. Justice Hughes: "While common carriers may not be compelled to make unreasonable outlays (Missouri Pac. Ry. Co. *v.* Neb., 217 U. S. 196), it is competent for the State, acting within the sphere of its jurisdiction, to provide for an extension of their transportation facilities, under reasonable conditions, so as to meet the demands of trade; and it may impress upon these extensions of the carriers' lines, thus furnished under the direction or authority of the State, a public character regardless of the number served at the beginning. The branch or spur comes into existence as a public utility, and, as such, is always available, as localities change and communities grow." And again, "There is a clear distinction between spurs which are owned and operated by a common carrier as a part of its system and under its public obligation; and merely private sidings." It is alleged in the petition in the case under consideration that the spur-track in question is not for the public benefit, but for the benefit of a private enterprise. This allegation is to be considered in connection with other portions of the petition. The blue-print map attached to the petition and made a part thereof showed the proposed spur-track to be wholly on the existing right of way of the railroad company, so located as to run longitudinally by the side of the other tracks of the company and in front of the warehouse of the Roberts Marble Company. When the allegations as to private purposes above mentioned are considered in connection with the map they amount to a mere conclusion, for the spur-track after all will be a part of the company's facilities for serving the general public in the village where located.

It could not be a private track, but would, like any other part of the company's line of railroad, be subservient to the public use and subject to the reasonable orders and regulations of the railroad commission. So construed, the petition failed to set forth a cause of action, and the court erred in overruling the demurrer.

The court, with the exception of the writer, have thus reached the conclusion that the petition itself shows the proposed track to be a public one and for the benefit of the public. I can not assent to the view that, as a matter of law, a spur or side-track is for the benefit of the public by reason alone of its location upon the railroad right of way. Compare Mo. Pac. Ry. v. Nebraska, supra.

*Judgment reversed. All the Justices concur, except Gilbert, J., dissenting.*