23497. AUSTIN ENTERPRISES, INC. v.
DEKALB COUNTY et al.

ARGUED MAY 12, 1966—DECIDED MAY 27, 1966.

*Noah J. Stone, Hugh W. Stone, Stone & Stone,* for appellant.

*Robert E. Mozley, George P. Dillard, Hubert O. Edwards, Swertfeger, Scott & Pike, W. Fred Orr, II,* for appellees.

QUILLIAN, Justice. ■ (a) The principal contention made by the appellant in its enumeration of errors is that the evidence demanded a finding in its favor because it showed the taking was for a purely private purpose, not a public one. The appellant argues that the action on the part of the county was arbitrary, capricious and in violation of the law.

While at the present it is true that the sewer connector line would serve only one owner, the developer of the subdivision, when the area was developed it was contemplated that many customers would be served. It could not be considered arbitrary on the part of the county commissioners to desire to extend the sewerage system so as to make the system available to additional customers and thereby increase the volume and value of the county sewerage service to its citizens and, incidentally, obtain increased revenue for the county. Be that as it may, "the test is not 'the number of people that it accommodates, or who use it, but rests upon the fact that everybody who has occasion to use it may lawfully and of right do so . . . the mere fact that it is actually used by one or two individuals does not negative the public character of the use.'" *Hightower v. Chattahoochee Industrial Railroad,* 218 Ga. 122, 124-125 (126 SE2d 664);

*Harrold Bros. v. Mayor &c. of Americus,* 142 Ga. 686 (1), 688 (83 SE 534) ; *Rogers v. Toccoa Electric Power Co.,* 163 Ga. 919 (4b) (137 SE 272). As pointed out in a railroad condemnation case, "the fact that the track may be for the present benefit of only one industry, while important in determining the character of the use, does, not necessarily negative the public character of the use." *Railroad Commission of Ga. v. Louisville &c. R. Co.,* 148 Ga. 442, 445 (96 SE 855). See *Bradley v. Lithonia Arabia Mountain R. Co.,* 147 Ga. 22 (2) (92 SE 539).

It is also urged that the record shows Timberland agreed to "reimburse DeKalb County for all expenses incurred in the condemnation proceedings against [the condemnee] . . . said expenses to include publication fees, appraiser's fees, attorney fees, court costs, and any temporary or permanent awards made to [the condemnee]," and that customarily DeKalb County did not accept a sewer as part of its system until after a trial period and final approval by the county.

In this connection, it should be pointed out that this State condemns land for highway purposes and then contracts with private concerns to construct the roads. Yet no one could seriously contend merely because the State itself does not do the actual construction of roads or the building of bridges, such are not for public use or that the State does not own and control them. The trial period and requirement of approval in the instant case are also analogous to highway operations.

Here, according to testimony, the county supervises, inspects, directs, controls and maintains the construction of sewers along its acquired easements. Whether or not it did the actual construction work on the sewer line would be of no significance. For, there is no evidence showing DeKalb County would not be the owner of the right of way or that the individual developer, Timberland, would acquire any control over or any right pertaining thereto. In such circumstances, there was no attempt to condemn the property for purely private purposes. See *McDaniel v. City of Columbus,* 91 Ga. 462 (17 SE 1011) ; *Johnston v. Clayton County Water Authority,* 222 Ga. 39 (148 SE2d 417).

(b) The appellant contends that the acts of the county commissioners were ultra vires since Ga. L. 1949, p. 1590, did not

specifically authorize them. In view of the holding in *Johnston v. Clayton County Water Authority,* supra, the county had the power to condemn property for sewer purposes under Ga. L. 1937, pp. 761-774 (*Code Ann.* § 87-803 et seq.), even without the express grant of authority by a special law. See *Code Ann.* § 87-802 (11a).

■ The only other error enumerated concerns the admission of certain testimony as related by the county engineer: "According to U. S. Coast and Geodetic Survey topographic map we have in our office, the lands that will be served, the total watershed area is 82.64 acres. There is 55.79 acres that will be served directly through this subdivision." This was objected to on the ground that it was hearsay.

For several reasons, there is no merit in this objection. First, other similar evidence by the same witness was introduced without objection. *City of Atlanta v. Carroll,* 194 Ga. 172 (4) (21 SE2d 86); *Braswell v. Palmer,* 194 Ga. 484, 487 (2a) (22 SE2d 93); *Hobbs v. Houston,* 195 Ga. 571, 584 (24 SE2d 884). Also this testimony would not be material on the interlocutory injunction hearing since we have determined that neither the number of persons nor the total area involved would be conclusive in the county's determination of the need to extend its sewer system. Hence, the admission of the evidence would not be harmful error. Furthermore, while "books of science and art are not admissible in evidence to prove the opinions of experts . . , notwithstanding the inadmissibility of the books, the opinions contained therein may come to the jury through the mouth of an expert witness." *Boswell v. State,* 114 Ga. 40, 43 (39 SE 897); *Central R. Co. v. Mitchell,* 63 Ga. 173 (3); *Mayor of Jackson v. Boone,* 93 Ga. 662 (1) (20 SE 46).

*Judgment affirmed. All the Justices concur.*