## 50635. DEPARTMENT OF TRANSPORTATION v. FOREMOST REALTY, INC. et al.

CLARK, Judge.

"Where property is taken for a road, the test of the purpose for condemnation is the right of the public to use it rather than the number of persons who may actually use it." Thus spake this court as the third headnote in *Department of Transportation v. Livaditis,* 129 Ga. App. 358 (199 SE2d 573). That principle is determinative of

this appeal and requires us to reverse the trial court's decision.

The able advocate for the objecting landowners recognizes that the *Livaditis* case must be considered in deciding the instant situation and therefore seeks to distinguish it. The legal distinction is asserted to be the fact that the condemnation there involved acquisition of a service road under the provisions of "Article V — Limited-Access Roads" in Chapter 95A-9 of the Code of Public Transportation. He further contends that factually the instant condemnation seeks to establish a private driveway serving a private enterprise. We are unable to accept these distinctions.

We deal first with the factual differences. Appended to this opinion is a plat which shows the Department of Transportation is seeking to establish an extension of an existing thoroughfare in Dalton, known as Kirk Street. As extended from its present terminus at Green Street for a distance of about 216 feet, it will be a public street; as such it will be open for use by all persons including the owners of the tracts to the north and south who are objecting to this condemnation. Admittedly, one of the Department's objects is to provide access to the property of a single concern which occupies the land at the end of Kirk Street Extension. In fact, the transcript indicates that initially this was a prime motivation. But the evidence further shows that the condemned land is also being sought in order to alleviate a dangerous traffic hazard which would result from the East Walnut extension. A major function of the Department of Transportation is to provide for the traffic safety of the traveling public. The D. O. T. further fortifies its decision that this eminent domain proposal is in the public interest by submitting evidence as to monies involved (T. 18), determination of best location and design engineering (T. 29), and public usages (T. 30).

It should be noted that here, as also occurred in *Livaditis,* there is a finding of fact unfavorable to the condemnor. In the case sub judice we quote from the order the paragraph which constituted the finding of fact: "The Court finds as a matter of fact that the purpose for condemning the property in question and constructing the road over the property was to provide ingress and

egress for Conagra Poultry Company. The road in question terminates on the property of Conagra Poultry, and according to evidence on behalf of the condemnee there is a gate at the property line of Conagra which can be closed so as to prevent the general public from using the road." The evidence indicates the court was mistaken because (1) the road does not end *on* Conagra's property but terminates at its boundary line, and, (2) as the gate faces in another direction from the condemned property its location would not affect the public use of the road.

An examination of the legal principles set forth in *Livaditis* shows that the decision there was not limited to the Limited-Access Statute. Instead, that ruling was premised upon various Code sections and Supreme Court decisions contained in the third division of the opinion running from pages 360 to 363. From those authorities which control the case at bar this court reached the conclusion on page 363 which applies to the instant appeal: "There was evidence to support the trial judge in finding that the land would be used predominantly by one company. However, this was not conclusive in determining that such was a private road for there is nothing in the record to show that the road would be used exclusively by that company or that it had the power to exclude others from its use. Instead the evidence showed that any member of the public could use the road."

In connection with use of eminent domain for a sewage line extension we dealt in *Norton Realty &c. Co. v. Bd. of Ed. of Hall County,* 129 Ga. App. 668 (200 SE2d 461) with similar questions to those confronting us here. There at page 670 we noted the Supreme Court rulings as to the discretion which exists in the condemning authority citing *Kellett v. Fulton County,* 215 Ga. 551 (111 SE2d 364) which quoted with approval from the leading case of *King v. City of Caysville,* 198 Ga. 829 (2) (33 SE2d 99) that "In the absence of bad faith, the exercise of the right of eminent domain rests largely in the discretion of the authority exercising such right, as to the necessity, and what and how much land shall be taken."

In *Norton Realty* at page 671 we noted the Supreme Court decisions which had followed *Harrold Bros. v. Mayor &c. of Americus,* 142 Ga. 686 (83 SE 534). In the

latter case Justice Evans[1] noted "[T]he decided weight of authority is that the public nature of a siding or spur-track does not depend upon the number of people that it accommodates, or who use it, but rests upon the fact that everybody who has occasion to use it may lawfully and of right do so . . . The circumstance that a spur-track or siding is also designed to serve a private use, while important in determining the character of the use, is not conclusive against its public nature. . . [T]he mere fact that it is actually used by one or two individuals does not negative the public character of the use." Since the appeal sub judice presents an extension of a public street, we consider this to be an a fortiori factual situation.

In view of our ruling it is not necessary to pass upon appellant's enumerations of error attacking the refusal of the court to allow into evidence a resolution by the Mayor and Council of the City of Dalton nor the allowance over objection of the condemnee's question concerning the most feasible route.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

ARGUED MAY 8, 1975 — DECIDED JUNE 20, 1975 —
REHEARING DENIED JULY 9, 1975 —

*Mitchell, Mitchell, Coppedge & Boyett, Warren N. Coppedge, Arthur K. Bolton, Attorney General, Marion O. Gordon, Roland F. Matson, Assistant Attorneys General,* for appellant.

*McCamy, Minor, Phillips & Tuggle, James H. Phillips,* for appellees.

---

[1]Beverly D. Evans (1865-1922) of Sandersville served on the Supreme Court for 13 years during which he wrote over 1,500 opinions. Upon being appointed U. S. District Judge for the Southern Division he resigned to move his residence to Savannah. Georgians loving their State's Mother City can understand the motivation. His memorial appears at 156 Ga. 885.