## 65099. TEXACO, INC. v. DEPARTMENT OF TRANSPORTATION.

SHULMAN, Chief Judge.

Acting pursuant to Code Ann. Ch. 95A-6 (OCGA Ch. 32-3), the Department of Transportation ("DOT") filed a declaration of taking which sought to condemn two parcels of appellant/condemnee's property. Alleging fraud, bad faith, improper use, abuse and misuse of DOT's condemnation powers, the condemnee filed a petition to vacate, set aside and annul the taking. See Code Ann. § 95A-607 (OCGA § 32-3-11). After presiding over a hearing on the merits of appellant's petition, the trial court found that there had been no fraud or bad faith on the part of DOT and no improper use, abuse or misuse of the condemnor's power. Accordingly, the petition to vacate was denied, and the condemnee appeals from that order.

Although the condemnor sought two parcels of condemnee's land, this appeal centers on only one of the takings, a 100 by 600 foot right-of-way which bisects the condemnee's property and which is to be used to build a service road. The trial court found that this taking was necessary to provide access to Indian Trail Road to the general public (including the 100-200 residents of a neighboring mobile home park), whose present access to that road will be permanently barricaded by the DOT's construction of a full diamond interchange at I-85 and Indian Trail Road. The trial court further found that DOT plans to continue the service road for 200 feet onto the property of the mobile home park and terminate it into a private road on that property. It was noted that DOT expected, but had not yet received, a donation from the mobile home park owners of the land necessary to continue the road beyond the boundary of appellant's property.

1. Findings of fact made by a trial court sitting without a jury shall not be set aside unless clearly erroneous. Code Ann. § 81A-152(a) (OCGA § 9-11-52 (a)). *DOT v. Livaditis,* 129 Ga. App. 358, 362 (199 SE2d 573). "These findings should not be disturbed on appeal if there is evidence to support them. [Cit.]" *City of Atlanta v. Heirs of Champion,* 244 Ga. 620, 622 (261 SE2d 343).

The condemnee maintains that the condemnor's conduct is an abuse of its powers and is evidence of bad faith. Bad faith, however, "is neither negligence nor poor judgment, but involves conscious wrongdoing and a dishonest intent." *Earth Mgt. v. Heard County,* 248 Ga. 442, 447 (283 SE2d 455). Inasmuch as there was no evidence of such behavior, the trial court's finding of no fraud or bad faith on the condemnor's part must stand.

2. The basis for the remaining portion of condemnee's appeal is

that DOT abused its condemnatory powers by taking appellant's property to construct an allegedly private roadway without acquiring the adjacent property necessary to complete the project.

DOT is statutorily empowered to acquire property "in any . . . manner provided by law for present or future public road or other transportation purposes." Code Ann. § 95A-601 (OCGA § 32-3-1 (a)). Thus, whether by donation or condemnation, DOT can acquire the necessary property, and there is no statutory provision that all land for a project must be acquired simultaneously. Furthermore, the finding that the public roadway would be available for use by the general public is supported by evidence that any member of the public could use the road. See *DOT v. Foremost Realty,* 135 Ga. App. 377 (218 SE2d 41). Testimony that the mobile home park owners could possibly build a gate at their property line to prevent the general public from using the road is mere speculation and cannot serve as the basis for voiding the taking.

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED FEBRUARY 4, 1983.

*H. Martin Huddleston,* for appellant.

*James A. Henderson, Michael J. Bowers, Attorney General, Marion O. Gordon, Senior Assistant Attorney General, George J. Hearn III,* for appellee.