A95A0702. BACK et al. v. CITY OF WARNER ROBINS.
(457 SE2d 582)

POPE, Presiding Judge.

The City of Warner Robins filed declarations of taking to secure the condemnees' property for a roadway construction project. See OCGA § 32-3-4 et seq. The condemnees appeal the trial court's denial of their petition to set aside, vacate and annul the declarations of taking pursuant to OCGA § 32-3-11, arguing that (1) the City was not entitled to utilize the procedure set forth in OCGA § 32-3-4 under the circumstances of this case, and (2) the City abused its discretion in failing to consider alternative roadway plans which would have been less burdensome for taxpayers as well as for the condemnees. We reject the condemnees' arguments and affirm.

1. The condemnees argue that condemnors may take property through a declaration of taking pursuant to OCGA § 32-3-4 only if title to the property to be condemned is in question; otherwise, the condemnees contend, the condemnor must use the procedure set forth in OCGA § 22-2-1 et seq. OCGA § 32-3-4 (a) provides: "Whenever any . . . municipality desires to take or damage private property . . . for public road purposes or for any other public transportation purposes and shall find or believe, concerning which the decision of the condemning authority shall be final and conclusive, that the title of the apparent or presumptive owner of such property is defective, doubtful, incomplete, or in controversy, . . . *or shall for any reason conclude that it is desirable to have a judicial ascertainment of any question connected with the matter*, such . . . municipality, through any authorized representative, may file a proceeding in rem in the superior court." (Emphasis supplied.) The condemnees cite rules of construction in support of their argument that the application of this Code section is limited to situations involving title defects. However, the language of the statute clearly allows the condemnor of property for transportation purposes to utilize OCGA § 32-3-4 et seq. if it desires a judicial determination of any question for any reason. Where statutory language is clear, judicial construction is forbidden. See *Taco Mac v. City of Atlanta &c. Adjustment*, 255 Ga. 538, 539 (340 SE2d 922) (1986). We also note that we have reviewed numerous cases in which condemnors relied on OCGA § 32-3-4 et seq., and title problems do not appear in any of them. See, e.g., *Dept. of Transp. v. City of Atlanta*, 255 Ga. 124 (3) (b) (337 SE2d 327) (1985); *West v. Dept. of Transp.*, 176 Ga. App. 806 (1) (338 SE2d 45) (1985); *Dept. of Transp. v. Wright*, 169 Ga. App. 332 (312 SE2d 824) (1983). Thus, when taking property for transportation purposes, a condemnor may choose to use either the procedures set forth in OCGA § 22-2-1 et seq. *or* those set forth in OCGA § 32-3-4 et seq. "So long as the procedure used to take the condemnee's property is in accordance with the law, he has no ground of complaint because another procedure, also authorized by law, was not used." *State Hwy. Dept. v. Respess*, 111 Ga. App. 421 (2) (142 SE2d 73) (1965). Accordingly, the condemnees' first enumeration of error is without merit.

2. Citing *Dept. of Transp. v. Hudson*, 179 Ga. App. 842 (34 SE2d 106) (1986), the condemnees contend that the City abused its discretion in failing to consider less burdensome alternatives. Unlike the trial court in *Hudson*, however, the trial court here found that the City had considered alternatives, and this finding is supported by the evidence: Even though the mayor and city council members could not remember the alternatives, city engineers and planners testified that the project was the result of many years of planning and that numerous alternatives were considered. See also *Habersham Downs &c.*

*Assn. v. Dept. of Transp.*, 212 Ga. App. 686, 687 (442 SE2d 868) (1994) (trial court's finding is accepted if it is supported by any evidence). Thus, the trial court did not err in refusing to set aside, vacate and annul the declarations of taking on this ground.

3. Though not explicitly enumerating it as error, the condemnees also suggest the taking is improper because it will primarily benefit private businesses in and around a shopping mall. As a general rule, a condemnor's determination that it needs property for public road purposes is not subject to review in the absence of fraud or bad faith. *Coffee v. Atkinson County*, 236 Ga. 248, 249 (223 SE2d 648) (1976). Moreover, even if only one person primarily benefits from a project, it is a public use as long as everyone who has occasion to use it may lawfully do so. *Austin Enterprises v. DeKalb County*, 222 Ga. 232 (1) (149 SE2d 461) (1966). The condemnees cite *Brannen v. Bulloch County*, 193 Ga. App. 151 (387 SE2d 395) (1989) for the proposition that we can look beyond the condemnor's statement that the project is for a public purpose. However, *Brannen* was an extreme case in which "the evidence establishe[d] [that the project] was undertaken with the improper intent to benefit one private, powerful entity," id. at 156, and its holding is limited to its extreme facts. All public improvements will benefit some segments of the public more than others, and roads which benefit the public by allowing them to shop more easily will inevitably benefit the shopkeepers. There is no evidence of improper intent in this case. Instead, the evidence showed that the purpose of the project was to relieve traffic congestion and reduce the number of accidents. See *City of Atlanta v. Petkas*, 253 Ga. 447 (321 SE2d 725) (1984).

4. The condemnees' motion to expedite is rendered moot by our conclusions, and is therefore dismissed.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED APRIL 25, 1995.

*Hulbert, Daniel & Lawson, Tom W. Daniel,* for appellants.
*James E. Elliott, Jr.,* for appellee.