**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 6, 2014**

# In the Court of Appeals of Georgia

A13A1684. EMERY v. CHATTOOGA COUNTY, GEORGIA.

MCMILLIAN, Judge.

Appellant Gerald W. Emery appeals following the denial of his petition to set aside a declaration of taking filed by Chattooga County, Georgia ("County"). As more fully set forth below, we now affirm.

The record shows that the property that is the subject of the taking (the "Property") is a 60 foot ingress and egress easement across an unpaved road that runs through Emery's property and provides access to approximately 20 residents living along Hairs Lake Road. Pursuant to OCGA § 32-3-1, the County filed a declaration of taking to acquire Emery's interest in the easement after the other property owners adjoining the road approached the County and agreed to convey their interest in the easement to the County for the purpose of the road being made part of the county road

system, meaning, in this case, that it would be paved and maintained by the County. Emery filed a petition to set aside the taking, which he thereafter amended several times. Following a hearing, the trial court denied the petition, and this appeal ultimately followed.[1]

As stated above, the County filed its declaration of taking in this case under OCGA § 32-3-1 (a), which allows the condemning authority to acquire a fee simple, or lesser interest, in property for "present or future public road or other transportation purposes." Under subsection (b), public road purposes include, among other things, "rights of way . . . and any and all purposes which may be reasonably related to the development, growth, or enhancement of the public roads of Georgia." The County stated in the declaration of taking that the Property would be used for the purpose of

---

[1] The superior court originally issued an order denying the petition on November 1, 2012, and Emery filed a notice of appeal from that order on November 19, 2012. The County moved to dismiss this appeal because Emery's demand for a jury trial on the issue of value of the property remained pending in the superior court. The superior court vacated its original order denying Emery's petition to set aside, and Emery dismissed his challenge to the value of the property with prejudice. The superior court entered another order denying Emery's motion to set aside on April 1, 2013, and Emery timely filed an appeal from that order to this Court. Because it now appears that no issue concerning value remains pending below and that the appeal from the April 1, 2013 order was timely filed, we have jurisdiction of this appeal. *TJW Enterprises, LLLP v. Henry County*, 261 Ga. App. 547 (583 SE2d 144) (2003); *Skipper v. Dept. of Transp.*, 197 Ga. App. 634, 635 (1) (a) (399 SE2d 538) (1990).

2

establishing a public road right-of-way and for the specific purpose of construction, maintenance and repair of a road right-of-way and other related purposes.

OCGA § 32-3-11 authorizes the superior court to set aside, vacate or annul a declaration of taking under certain restricted circumstances, including the "abuse or misuse of the powers of this article." OCGA § 32-3-11 (b) (3). But the statute further provides that the "power of the court in this respect shall not be construed as extending to a determination of questions of necessity, [and] there shall be a prima-facie presumption that the property or interest condemned is taken for and is necessary to the public use provided for in this article." OCGA § 32-3-11 (a). Further, Emery, as the condemnee, has the burden of proof to show that the taking should be set aside under OCGA § 32-3-11. *Chamblee v. Dept. of Transp.*, 189 Ga. App. 334, 336 (5) (375 SE2d 626) (1988)

1. In two related enumerations of error, Emery argues the County abused or misused its discretion when it condemned the property because the evidence showed that the condemnation was done for a few private citizens, served no public purpose and was not "'reasonably related to the development, growth, or enhancement of the public roads of Georgia.'"

3

It is true, as Emery argues, that "[t]he condemnor is not authorized to exercise the power of eminent domain to acquire property to be used by private individuals for private use and private gain." *Dept. of Transp. v. Livaditis*, 129 Ga. App. 358, 361 (3) (199 SE2d 573) (1973). And it is likewise true that the evidence in this case showed that the decision to condemn the property was not made until the surrounding landowners approached the county commissioners and requested that the County acquire the road. Further, the record reflects that the road primarily would be used for ingress and egress by the approximately 20 residents who lived there or who currently owned land there and might build there in the future and that the general public would not frequently use the road.

However, there is nothing to show that the general public would not have the right to use the road. As we have explained, "[i]f the public generally have a right and but one person uses the [road], the purpose is deemed to be public; but if the public generally are excluded, and the use of the [road] is limited to that of an individual enterprise, it is not public, and the power of eminent domain can not be exercised for [that] purpose." *Livaditis*, 129 Ga. App. at 362 (3). In other words, "[t]he amount of usage by the general public is not controlling." *Livaditis*, 129 Ga. App. at 363 (3). *Austin Enterprises v. DeKalb County*, 222 Ga. 232, 233 (149 SE2d 461) (1966). See

4

also *Back v. City of Warner Robins*, 217 Ga. App. 326, 328 (3) (457 SE2d 582) (1995).[2] Further, evidence was also presented that the fire chief had approached the County about acquiring the road after the fire department had responded to a fire in the area, and testimony was presented that paving and maintaining the road would be of benefit to emergency responders. Lastly, the decision to condemn the property was consistent with the County's policy to acquire, improve and maintain roads as parts of the county were developed, and the residents requested that they do so. Under these circumstances, we cannot say that the County acted in bad faith, that it abused or misused its discretion, or that it exceeded its authority when it acted to condemn the property. Accordingly, the superior court did not err by refusing to set aside the taking under OCGA § 32-3-11. *Back*, 217 Ga. App. at 328 (3).

*Judgment affirmed. Andrews, P. J., and Dillard, J., concur.*

---

[2] Emery argues that under *Brannen v. Bulloch County*, 193 Ga. App. 151 (387 SE2d 395) (1989), the public interest is not served if the taking is based solely on what is best for private entities. But, as we explained in *Back, Brannen* "was an extreme case in which 'the evidence established that the project was undertaken with the improper intent to benefit one private powerful entity,' id. at 156 and its holding is limited to its extreme facts." (Punctuation omitted.) *Back*, 217 Ga. App. at 328 (3) (quoting *Brannen*, 193 Ga. App. at 156).