**BERRY v. RINGGOLD COUNTY, IOWA, et al.**

No. 4079,

District Court, S. D. Iowa, Creston Division.
Nov. 22, 1929.

Frank Wisdom, of Bedford, Iowa, and Donald F. Wisdom, of Creston, Iowa, for plaintiff.

Robert J. Bannister, of Des Moines, Iowa, and H. C. Beard, C. J. Lewis, Frank F. Fuller, and A. I. Smith, all of Mt. Ayr, Iowa, for defendants.

WADE, District Judge.

I was surprised when counsel presented Home Telephone & Telegraph Co. v. City of Los Angeles, 227 U. S. 278, 33 S. Ct. 312, 57 L. Ed. 510. There are many expressions in this long opinion which seem to justify the attitude of counsel for plaintiff. I have studied it carefully, and am now fully convinced that the language of the opinion, which seems to justify this proceeding, is largely dicta. The question before the court was such that, if it were before me, I would hold as the court decided; but, when I read the cases, and eliminate from this opinion, the expressions which were entirely unnecessary to decide the case, I am convinced that I cannot follow the same.

Aside from the decision of this and many other cases, I am convinced that to sustain the jurisdiction of the court in this case would startle the profession. Summing up all decisions, it is apparent that it never was the intention that the Fourteenth Amendment should bring before this court unlawful acts by an individual, or by a state officer, except when such acts have their foundation in some express authority of the state, either by legislation, or possibly by judicial misconstruction.

To sustain the jurisdiction herein would bring into this court so many cases of every kind of officer, where he exceeded his authority—sheriffs, constables, deputies, commissioners, etc.—that the force of federal judges would have to be increased to take care of the business.

Without further reviewing the authorities which are set forth in the briefs of counsel, I hold, that the court has no jurisdiction herein, and that the matter can only come into the courts of the United States after trial and adverse ruling in the highest court of the state.

This disposes of the cause of action in one count of the bill.

So far as the other counts are concerned, I am satisfied that practically every element of the drainage law has been sustained by the Supreme Court of Iowa. Some of these questions have been determined by the federal court. This court is bound by the decision of the Supreme Court of Iowa, construing any act of the Legislature of Iowa.

Therefore I find nothing in the second or third counts which can properly be brought before this court. The clerk will therefore enter the following order:

And now, on this 22d day of November, 1929, the motion to dismiss having been heretofore submitted, and the court being now fully advised, it is ordered and adjudged that, for the reason that this court has no jurisdiction of the causes of action set forth in petition, the motion for dismissal is sustained, and the cause is dismissed without prejudice to any proceeding in the state court. The plaintiff excepts.