GARNER *et al v.* MAYOR &c. OF ATHENS *et al.*

No. 17031. APRIL 11, 1950.

*Eugene A. Epting* and *John E. Griffin,* for plaintiffs.

· *Robert G. Stephens Jr.,* and *Thomas H. Milner Jr.,* for defendants.

HEAD, Justice. If a public street or road is shown by the evidence to presently exist along the way or route which the city proposes to grade as a public street, the court did not err in denying the interlocutory injunction. If a street or road does not presently exist along the route proposed to be graded by the city, the city would have no right to grade a street or road along the route, without first acquiring title or an easement to the street or road in the manner provided by law, and the court should have granted the application for interlocutory injunction.

The defendants did not allege, nor does the evidence show, any work by the city on the alleged street or road since the extension of the city limits in 1920. Whether or not the rights of the city to now assert dominion over the alleged street or road has been lost by non-user (Code, § 85-1403), is a question that can arise only if it should be determined that a public road existed, as contended by the defendants, at the time the city limits were extended.

The defendants in their answer asserted that the road which they proposed to grade had "been a public road at least since 1920, when the corporate limits of said City of Athens were extended to the present location of said road"; that the street was "tacitly" accepted by the city as a public street; and that the grading proposed is not for the opening of a new road, but is for the purpose of maintaining a public road, which has been in existence for a long period of time, and was referred to in the deed of one of the petitioners.

W. D. Beacham testified for the defendants that "he traveled over it first about forty years ago, going from Hancock Extension out to his farm. It was open all of the way then." J. G. Beacham, one of the defendants, testified that he remembered riding over the road with his father in a T-model Ford, as a small child (about 35 years ago). He further testified that the "width of the road in its present roadbed would be enough for one-way traffic only."

R. F. Harris testified for the plaintiffs that he had been familiar with the old road since 1933; that he had never driven his car over it and could not do so; that the old roadbed was badly eroded in places; and that he had never seen any evidence that it had been worked or graded. W. L. Garner testi-

fied that he was President of Cherokee Flying Service Inc.; that the old road had never been used as a public road since he had known the property; and that it was six or eight feet wide in most places, with gullies six feet deep in some places, and with trees and bushes growing on parts of it.

H. G. Nicholson testified: that he had been County Engineer of Clarke County for approximately thirty years; that he had examined the Public Road Register of Clarke County, and that the road (as claimed by the defendants) was not listed on the register, but that in recent years the road register was not kept up to date; that the county on several occasions had dragged the road leading to the negro cemetery; that, in so far as he knew, the county had never done any maintenance work on a road extending in an easterly direction beyond the turn in the old road leading to the cemetery; that the road to the cemetery was dragged as a courtesy to the people using it; and that, after a road known as the Alps Road was opened, a new road from the Alps Road to the cemetery was opened for travel to the cemetery.

It is not clear from the testimony of the county engineer (nor can it be determined from any evidence in the record) whether or not the road to the cemetery was a part of the way asserted by the defendants to be a public road. If it was a part of the alleged road, it appears from the engineer's testimony that only a part of the road was worked, and that the work done was not under any claim of right, but as a courtesy to those using the cemetery.

Unquestionably, under all of the evidence, a way of travel did exist and was used to some extent, at some time in the past, along the route, or way, which the city now proposes to grade as a city street. There is no evidence, however, to show that a road as claimed by the defendants was ever created as a highway by the General Assembly, nor is there any contention or evidence that the county acquired any title to the way as a public road, either by condemnation or by grant. There was no evidence to show that the proper county authorities had ever taken any action under the provisions of the Code, Chapter 95-2, to establish the way claimed by the defendants as a public road.

If the way existed as a public road, it could be only by prescription or dedication.

In *Savannah, Fla. &c. Ry. Co.* v. *Gill*, 118 *Ga.* 737, 748 (45 S. E. 623), it was said: "In this State, actual adverse possession of lands by itself, for twenty years, will give good title by prescription against everyone except the State, or persons laboring under the disabilities specified by the law. There was ample evidence to support a finding by the jury that the road in question had been openly, uninterruptedly, and continuously used by the public, as a public road, for more than twenty years, before the defendant company obstructed it; and this was sufficient to establish a prescriptive right in the public to its free and unobstructed use as a public highway."

In *Southern Railway Co.* v. *Combs*, 124 *Ga.* 1004, 1010 (53 S. E. 508), it was said: "A public road can come into existence by public use and public work, and when such use and work are continuous for twenty years it is certainly a public road so far as the right of the people to use the same as a highway is concerned."

In *Louisville & Nashville R. Co.* v. *Hames*, 135 *Ga.* 67 (1) (68 S. E. 805), it was held: "A road may become a public road by prescription. Evidence that the public has used the road continuously for 20 years, and that the proper county authorities during that time have recognized it as a public road by having the same worked, will be sufficient to authorize an inference that such road is a public road."

In *Penick* v. *County of Morgan*, 131 *Ga.* 385 (62 S. E. 300), it was said that a dedication of land by the owner for use as a public road, and the use of such road by the public, without recognition of such road on the part of the county authorities, would not make the road a public road; and that dedication and acceptance by the proper county authorities could be shown by acts of the owner and of the authorities.

In *McCoy* v. *Central of Ga. Ry. Co.*, 131 *Ga.* 382 (62 S. E. 297), it was said: "Work and maintenance as a public road is the most usual evidence of recognition and assertion of dominion by the county authorities; but it is not exclusive. If 20 years user, with the requisite characteristics, as a public highway, raises a presumption of grant or dedication against the owner,

yet, to complete the status as a public road within the meaning of our laws, there must be action on the part of the county authorities having power over public roads, of the character above indicated."

In *Healey* v. *Atlanta*, 125 *Ga.* 736, 737 (54 S. E. 749), it was said: "A dedication to public use is, however, not complete until two things appear; that is, an intention on the part of the owner to dedicate his property to the public use, and an acceptance on the part of the public of the property for such use. . . The mere use of one's property by a small portion of the public, even for an extended period of time, will not amount to a dedication of the property to a public use, unless it appear clearly that there was an intention to dedicate, and that this dedication was accepted by the public authorities, either in express terms or by implication resulting from the maintenance of a way as public in its nature. Where there is no intention to dedicate, but the public has taken possession of the property of an individual, and used and maintained it as a highway for a period of twenty years or more, a highway by prescription becomes complete. When there is an intention to dedicate, the maintenance of a way for a less time will bring into existence a completed highway by dedication." See also *Hyde* v. *Chappell*, 194 *Ga.* 536 (22 S. E. 2d, 313); *Dunaway* v. *Windsor*, 197 *Ga.* 705 (30 S. E. 2d, 627).

Under the foregoing rules, it does not appear in this case that there was an intention on the part of the owner to dedicate to public use the road claimed by the defendants to be a public road, nor is there any evidence that the public had taken possession of the road and maintained it as a public road for a period of twenty years. Although the county authorities of Clarke County may have, at some time, worked a small part of the way alleged by the defendants to be a public road, this would not be sufficient to establish the way as a public road by prescription or dedication. "The mere fact that the public uses the property of a private individual is not necessarily inconsistent with the retention of dominion by the owner." *Healey* v. *Atlanta, supra.*

The evidence was insufficient to establish the way as a public road, either by prescription or dedication, and the city authorities could not enter thereon and grade it as a public road without the consent of the owner.

In *Everett* v. *Tabor*, 119 *Ga.* 128 (3-4) (46 S. E. 72), the rule was laid down by this court as follows: "A denial by the defendant of the facts set up in the equitable petition, or a conflict in the evidence, does not necessarily require a refusal of interlocutory relief. There should be a balance of conveniences in such cases, and a consideration whether greater harm might be done by refusing than by granting the injunction." This rule was restated by this court in *Ballard* v. *Waites*, 194 *Ga.* 427, 429 (3) (21 S. E. 2d, 848). In *Atkinson* v. *England*, 194 *Ga.* 854, 860 (22 S. E. 2d, 798), it was said that, in determining whether or not there has been an abuse of discretion, the convenience of the parties can not be ignored.

In this case, it does not appear that the defendants have done any work or made any improvements on the way claimed by them as a public road or street since the way was taken into the corporate limits of the city in 1920. No reason appears why the way must be graded or improved prior to a determination of the issue between the parties by a jury. On the other hand, the petitioners allege, and submit evidence to show that, if the way is graded or improved as contemplated by the defendants, the lands now occupied by one of the petitioners would be unsuitable and unfit for its present use.

The contention of the defendants, that the occupancy of part of the land by the Cherokee Flying Service is illegal, is without merit. It is alleged and shown by the evidence that, while this petitioner entered into possession of the land under an oral contract or agreement, substantial improvements have been made pursuant to the agreement or contract of such nature as to remove the contract or agreement from the prohibition imposed by the statute of frauds. Code, § 20-402 (3).

The trial judge should have granted the interlocutory injunction prayed by the petitioners, until a determination of the issues by a jury.

*Judgment reversed. All the Justices concur.*