**SCREVEN COUNTY et al. v. BRIER CREEK HUNTING & FISHING CLUB, Inc.**

No. 14257.

United States Court of Appeals
Fifth Circuit.

Feb. 27, 1953.

Rehearing Denied March 30, 1953.

W. Colbert Hawkins, J. Henry Howard, Sylvania, Ga., for appellant.

Benj. E. Pierce, W. Inman Curry, Pierce Brothers, Augusta, Ga., Hilton & Hilton, Sylvania, Ga., and Curry & Curry, Augusta, Ga., for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment of the district court enjoining appellants, individually and as members of the Board of Commissioners of Screven County, Georgia, from entering upon the property of appellee for the purpose of tearing down fences or gates and opening a road or roads therein. The question of federal jurisdiction over the subject matter of the suit is the only one necessary to be decided upon this appeal.

These are the alleged facts: Brier Creek Hunting and Fishing Club is the owner of three thousand acres of land in Screven County, Georgia. The tract is entirely enclosed by fences, with no public roads leading through the property. In August, 1951, appellants instituted an action in the state court wherein they sought to enjoin appellee from maintaining an obstruction in a road leading from the entrance of appellee"s property in the direction of the Savannah River, the road allegedly having been dedicated to the public by its previous owners. A general demurrer to the petition was sustained by the state court, apparently on determination of improper venue, the Supreme Court of Georgia later affirming the decision. Screven County v. Reddy, 208 Ga. 730, 69 S.E.2d 186.

In the instant case in the court below, the appellee's petition alleged that appellants, in spite of the ruling of the Supreme Court of Georgia, wrote a letter to appellee notifying it to remove the obstructions on the road within fifteen days; also that appellants were preparing to enter the land and appropriate its property to the use of the general public; that to do so would deprive it of its property without due process of law, in violation of the Fourteenth Amendment. The district court overruled a motion by appellants to dismiss the suit, assumed jurisdiction of the controversy, and entered a judgment permanently enjoining the appellants as aforesaid, from which judgment this appeal was taken.

 Where jurisdiction is asserted to exist on the basis of a federal question, that question must be a substantial one and must form an integral part of the complaint. A mere incidental or collateral federal question may appear, or may lurk in the background of the record, but this is not a sufficient or adequate basis upon which federal jurisdiction may attach. Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199, 200, 41 S.Ct. 243, 65 L. Ed. 577; Gully v. First National Bank, 299 U.S. 109, 117, 57 S.Ct. 96, 81 L.Ed. 70. A cause of action does not have the necessary jurisdictional elements unless it presents a basic dispute as to the interpretation or construction of the Constitution or laws of the United States of such serious import that jurisdiction will be supported if the laws or constitutional provision be given one interpretation and defeated if given another. The present facts do not present such a case. Cf. Cogswell v. Board of Levee Commissioners, 5 Cir., 142 F.2d 750.

 This is a suit to enjoin the allegedly unauthorized and illegal acts of the officials of a county; the basic question is not whether the state itself has acted in a manner violative of the federal constitution, but whether a road, the subject of the controversy, is private property or has been previously dedicated to the public use and the control of which may be lawfully assumed by the county. It is not contended that the state has passed any statute or done anything which conflicts with the Constitution or laws of the United States, or that it has attempted to confer authority on the county commissioners to trespass upon appellee's property. The appellee's grievance is that the law of the state has been violated, and that further violations are threatened, by state officers. The de-

cisive issue is a factual one between the appellants and the appellee. Garner v. Mayor, etc., of Athens, 206 Ga. 815, 817, 58 S.E.2d 844. The decision of the case depends upon the facts, not upon the interpretation of any federal law or constitutional provision. Cf. Hamilton Gaslight & Coke Co. v. Hamilton City, 146 U.S. 258, 266, 13 S.Ct. 90, 36 L.Ed. 963.

■■ The court below had jurisdiction to determine its own jurisdiction on the ground of a federal question, and this court has appellate jurisdiction to review and reverse, modify, or affirm, the lower court's decision. 28 U.S.C. § 2106. We are not holding that the complaint fails to state a cause of action upon which relief may be granted in a state court, but that appellee's claim or right, whatever it may be, does not arise out of the Constitution or laws of the United States. Whether the complaint states a cause of action arising under the Constitution and laws of the United States is for the court, not the pleader, to determine.

■■ Where the federal statute or constitutional provision creates a remedy that in some instances may be availed of by a plaintiff, the fact that his complaint does not bring him within the class of persons entitled to the remedy goes to the sufficiency of the pleading on the merits of the case, not to the jurisdiction of the court. The Fair v. Kohler Die Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716; Binderup v. Pathe Exchange, 263 U.S. 291, 306–308, 44 S.Ct. 96, 68 L.Ed. 308. Where neither the constitutional provision nor any act of Congress affords a remedy to any person, the mere assertion by a plaintiff that he is entitled to such a remedy cannot be said to satisfy federal jurisdictional requirements. The effect of holding, as the court below did, that jurisdiction was conferred by the pleader's assertion that it was entitled to a remedy under the Fourteenth Amendment was to transfer to the federal court the trial of a cause of action which arose wholly under state law. Starin v. New York, 115 U.S. 248, 6 S.Ct. 28, 29 L. Ed. 388; Barney v. New York, 193 U.S. 430, 24 S.Ct. 502, 80 L.Ed. 737; Shulthis

v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205; Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 71 L.Ed. 1148; Gully v. First National Bank, 299 U.S. 109, 117, 57 S.Ct. 96, 81 L.Ed. 70; Snowden v. Hughes, 321 U.S. 1, 16, 64 S.Ct. 397, 88 L.Ed. 497; Berry v. Ringgold County, D.C., 43 F.2d 169; Armstrong v. Alliance Trust Co., 5 Cir., 126 F.2d 164; Kiernan v. Multnomah County, C.C., 95 F. 849.

■■ The Fifth and Fourteenth Amendments did not create any new rights to life, liberty, or due process of law. These rights had existed for Englishmen since Magna Charta. The Declaration of Independence and the Revolution of 1776 merely declared and established these rights for the American Colonies. The Tenth Amendment reserved them to the people of the newly created states; the Fifth Amendment protected them from molestation by the newly created federal government; and the Fourteenth Amendment safe-guarded them from violation by the several states of the re-welded union. These were common-law rights, which the people of this nation have sought by three federal constitutional amendments to preserve inviolate to themselves. They are protected by the federal constitution from violations by the state or federal governments, but not from individual trespasses except for violations of a federal statute enacted in pursuance of the federal constitution. In the instant case, no federal statute is relied upon by the appellee, and no state or federal action is alleged to have threatened to take or injure its property. Barron v. Baltimore, 7 Pet. 243, 32 U.S. 242, 8 L.Ed. 672; Boyd v. United States, 116 U.S. 616, 624–641, 6 S.Ct. 524, 29 L.Ed. 746; Spies v. Illinois, 123 U.S. 131, 8 S.Ct. 22, 31 L.Ed. 80; Twining v. New Jersey, 211 U.S. 78, 100–114, 29 S.Ct. 14, 53 L.Ed. 97; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834, Ann.Cas.1915C, 1177; Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L. Ed. 647; Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Feldman v. United States, 322 U.S. 487, 490, 64 S.Ct. 1082, 1083, 88 L.Ed. 1408,

154 A.L.R. 982; Entich v. Corrington, 1765, 19 Howell's State Trials, 1029; Hall v. United States, 9 Cir., 41 F.2d 54.

The judgment appealed from is reversed, and the complaint dismissed for want of federal jurisdiction.

Reversed and rendered.