## 19045. BARRETT *v.* STATE HIGHWAY DEPARTMENT OF GEORGIA.

ARGUED SEPTEMBER 15, 1955—DECIDED OCTOBER 11, 1955.

*Willingham, Gortatowsky & Morrison,* for plaintiff in error.

*Eugene Cook, Attorney-General, Andrew J. Tuten, Paul Miller, Assistant Attorneys-General, Harold Sheats, Durwood Pye, E. A. Wright,* contra.

WYATT, Presiding Justice. ■ The defendant in error has made a motion to dismiss the writ of error in this court upon two grounds. The first is that the writ of error does not designate a plaintiff in error and a defendant in error. There is no merit in this ground. The caption of the writ of error reads as follows: "Mrs. E. M. Barrett, plaintiff in error vs. The State Highway Department of Georgia, defendant in error." The parties are referred to throughout the document as plaintiff in error and defendant in error. It has been held that this procedure is sufficient as designating the parties to a writ of error in this court. See *Gunby* v. *Turner,* 194 *Ga.* 378 (21 S. E. 2d 640).

The second ground of the motion to dismiss the writ of error is that the plaintiff in error failed to file her brief and pay the accrued costs within the time provided in the rules of this court. There is no merit in this ground. This court has so many times

held that such failure to timely file briefs and pay the costs is not ground for dismissal as a penalty, but that the penalty should be punishment as for a contempt, that a citation of authority is unnecessary. It follows, there is no merit in the motion to dismiss the writ of error in this court.

■ The first assignment of error contends that under the evidence it was error to deny the prayer for temporary injunction. The particular tract of land in controversy is triangular in shape and contains approximately 1,225 square feet. While the evidence was conflicting, the trial judge was authorized to find that the land sought to be condemned was to be used in the construction of a highway, and that this triangular parcel of land, together with other land of the plaintiff in error sought to be condemned, was located at a point on the highway to be constructed where there was to be constructed an off-ramp leaving what is commonly known as an expressway; that this particular triangle was located very near this off-ramp; that this triangle would not actually be occupied by the highway itself, but was necessary in order to provide a clear view to people leaving the highway by way of the ramp; and that, without a clear view, a very dangerous traffic hazard would be created.

The law is well settled that, when the State gives to a person or corporation the right of eminent domain, it carries with the grant of this power the right to condemn such property as may be reasonably necessary for the purpose for which the property is to be condemned, in this case, such property as may be reasonably necessary for the the construction of a highway of the expressway type. The small tract of land here in controversy under the evidence adduced by the Highway Department was necessary in order to avoid creating a dangerous traffic hazard. The trial judge had a right to believe this evidence, and he had a right, therefore, to determine, under the facts of this case, that the tract of land in controversy was and is reasonably necessary for the construction of this expressway. Under the well-settled rule of law that the judgment of a trial court in granting or refusing a temporary injunction will not be interfered with by this court if supported by evidence, there is no merit in this contention of the plaintiff in error.

It is insisted by the plaintiff in error that the trial judge did

not take into consideration the "balancing of convenience" rule referred to in *Garner* v. *Mayor &c. of Athens,* 206 *Ga.* 815 (58 S. E. 2d 844). Under the facts of the instant case, this court can not say that the trial court did not take this rule of law into consideration.

The plaintiff in error contends that the Highway Department should be enjoined for the reason that in some other proceeding the Highway Department condemned some other property of the plaintiff in error and decided later not to use the property, and that this property can not be condemned until and unless the Highway Department first restores to the plaintiff in error the property so condemned. No authority is cited for this position, and we know of none. There is no merit in this contention.

■ The remaining assignment of error deals with several attacks upon the act of the General Assembly of 1955 (Ga. L. 1955, p. 559) known as the "Limited-Access Highways Act" as being unconstitutional. Under the rulings made in division two of this opinion, the right to condemn the property here in question is authorized, under the general power of eminent domain, by the Highway Department before the 1955 act was passed, and without any reference to this act. It therefore becomes unnecessary to pass upon these constitutional questions.

In view of what has been said above, there is no error in the judgment complained of.

*Judgment affirmed. All the Justices concur.*