27716. HINSON et al. v. DEPARTMENT OF
TRANSPORTATION.

ARGUED FEBRUARY 12, 1973 — DECIDED MARCH 8,
1973 — REHEARING DENIED MARCH 22, 1973.

*J. S. Hutto & Associates, J. S. Hutto,* for appellants.
*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, G. Thomas Davis, Assistant Attorneys General, J. Thomas Whelchel, James A. Bishop, Bennet, Gilbert, Gilbert & Whittle,* for appellee.

MOBLEY, Chief Justice. Virgil Hinson, condemnee in an action by the State Department of Transportation to

condemn property for a state-aid road, appeals from an interlocutory order vesting title in the condemnor. This order had the effect of denying the motion to dismiss of the condemnee, which attacked the proceedings as violating the Constitution, Art. I, Sec. III, Par. I (Code Ann. § 2-301) and Art. IV, Sec. II, Par. I (Code Ann. § 2-2501), in that the condemnor is not seeking to take the property of the condemnee for public purposes. The trial judge certified the case for immediate review.

■ The first enumerated error is that the court erred in failing to dismiss the suit because there was a prior suit pending at the same time by substantially the same parties covering the same subject matter.

Prior to the present litigation, Glynn County brought a condemnation action to condemn property of the appellant condemnee to which he filed a motion to dismiss and a counterclaim. Glynn County voluntarily dismissed this action, and thereafter the State Department of Transportation brought an action to condemn the same property. It is the contention of the condemnee that the trial court improperly allowed Glynn County to dismiss its action, and if this dismissal had not been allowed, there would have been a suit pending by Glynn County covering the same subject matter when the Department of Transportation filed its action, which would have violated Code § 3-601, providing that: "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, . . ."

Glynn County and the Department of Transportation are separate entities, and even if Glynn County had no right to dismiss its suit, the provisions of Code § 3-601 would not apply.

The counterclaim of the condemnee merely sought a dismissal of the action, and a temporary restraining order until the validity of the condemnation could be determined; or in the alternative, a reasonable time to

remove his business from the premises. This was not such a counterclaim as would prevent a dismissal of the condemnation action under Code Ann. § 81A-141 (a) (Ga. L. 1966, pp. 609, 653), since it presented only defensive matters. Compare *Howard v. Housing Authority of City of College Park,* 220 Ga. 640 (3) (140 SE2d 880).

■ The pleadings of the Department of Transportation allege that a portion of the property of the condemnee which it seeks to acquire is for the purpose of relocating the operating tracks of Seaboard Coast Line Railroad and Southern Railway System.

The condemnee urges that this purpose is not one for which the condemnor has a right to exercise the power of eminent domain. The constitutional provisions (Code Ann. §§ 2-301, 2-2501) relied on are those dealing with the taking of private property for "public purposes" and for "public use."

This is the first time this court has dealt with what is generally referred to as "substitute condemnation." The Court of Appeals in *Benton v. State Hwy. Dept.,* 111 Ga. App. 861 (143 SE2d 396), in which three Judges dissented, held that the condemnation of land for the relocation of an interstate gas pipe line operated by a public utility company was in furtherance of and reasonably necessary for a public state highway use for which the condemnor had the power to condemn. The opinion in that case cited numerous decisions by other state courts and the Supreme Court of the United States upholding the right of "substitute condemnation" where the property acquired was for a public purpose. A collection of authorities so holding is found in 20 ALR3d 862.

The Department of Transportation (formerly State Highway Department of Georgia) is given the right "to condemn and acquire rights of way for maintaining, improving, and constructing . . . state-aid roads." Code § 95-1715, as amended by Ga. L. 1939, p. 187; Ga. L. 1945, p. 258; Ga. L. 1953, p. 421. Code § 95-1724 provides that

it is "authorized and empowered to exercise the right of eminent domain in the condemnation of rights of way and property thereon for the use of the system of state highways; . . ."

In *Barrett v. State Hwy. Dept.,* 211 Ga. 876 (89 SE2d 652), this court held that a small tract of land could be acquired by condemnation although it would not be actually occupied by the highway itself, which tract was necessary in order to provide a clear view to people leaving the highway by an off-ramp.

It would cause great inconvenience to the public for the condemnor to first condemn the railroad property, after which the railroads would be required to condemn the property of the present condemnee. The condemnor has contracted with the railroad companies for the acquisition of their rights of way in exchange for property on which to relocate their tracks. The public convenience is thus served and the ultimate result is the same, for in either event the property of the condemnee would be acquired.

Under the circumstances of this case, where the property condemned for exchange with the railroads will be used for a public purpose, we hold that the property condemned is for highway use, and the condemnation proceeding is a valid exercise of the condemnor's power of eminent domain.

*Judgment affirmed. All the Justices concur.*