## 54257. CITY OF ATLANTA v. ATLANTA GAS LIGHT COMPANY et al.

MCMURRAY, Judge.

This is a condemnation case brought by the City of Atlanta for the benefit of the Metropolitan Atlanta Rapid Transit Authority (MARTA) against certain land and improvements of the condemnee, Atlanta Gas Light Company, a public utility. Acquisition of this property for MARTA was alleged to be necessary because MARTA's lines were being constructed adjacent to certain lines of the Georgia Railroad causing its main tracks and two spur tracks to be moved. Condemnor sought to take fee simple title to a strip 3 1/2 feet wide and approximately 380 feet long; a slope easement to provide support for the relocated railroad tracks; a temporary construction easement and an underground easement for relocation of a public storm sewer presently located on the condemnee's property.

The condemnee contends that the sole purpose of condemning this property is for the construction of a spur track to allow the Georgia Railroad to service one of its customers, and the land condemned would then be transferred by the condemnor to MARTA and from MARTA to the Georgia Railroad and leased by the railroad to the railroad's customer, hence the taking is unnecessary to the actual running of the MARTA transportation lines.

The condemnee filed an answer and motions before the special master challenging the right of the city to acquire any portion of its property, it being a public utility corporation and the property previously dedicated to a public use; alleging the property was not necessary and essential to condemnor, the acquisition would materially impair the existing public use of the property, the condemnor had no express authority to acquire the property and the acquisition was for a purely private use rather than for public use.

The special master ruled against the condemnee on all the foregoing contentions. Exceptions were then made to the special master's award to the superior court which reversed the master on every issue except one, that is, that the special master method of condemnation was appropriate in this case. The condemnor appeals. *Held:*

1. Attorney fees and all reasonable and necessary expenses of litigation incurred by condemnees in eminent domain cases are a part of "just and adequate compensation" for property condemned, as contained in the Georgia Constitution. *White v. Ga. Power Co.,* 237 Ga. 341, 343 (227 SE2d 385). If this eminent domain proceeding stands dismissed as the trial court so ordered, nothing has been condemned so as to authorize attorney fees under *White.* See also *Dept. of Transportation v. Flint River Cotton Mills,* 238 Ga. 717 (235 SE2d 31). Accordingly, the dismissal cannot be said to be not a final judgment, although, there may be instances where the court can extend the hearing as to attorney fees beyond a dismissal order, the final determination on that point being nunc pro tunc to the final judgment date. Further, the condemnee might not ever make and pursue an

application for attorney fees and other costs. The motion to dismiss the appeal is without merit.

2. Generally, it has been held that where property is condemned for exchange with another public utility, and the property will be used for a public purpose, this is called "substituted condemnation," and this is a valid exercise of the condemnor's power of eminent domain. *Hinson v. Dept. of Transportation,* 230 Ga. 314, 317 (196 SE2d 883); *Benton v. State Hwy. Dept.,* 111 Ga. App. 861 (143 SE2d 396).

3. But the power of eminent domain may never be used to acquire property to be used by private individuals solely for private use and private gain. See *Housing Authority v. Johnson,* 209 Ga. 560, 563 (74 SE2d 891); *Benton v. State Hwy. Dept.,* 111 Ga. App. 861, 866, supra.

It is clearly shown by the evidence here that the purpose of condemning the property is for the construction of a railroad spur track for only one customer of the railroad, hence the public generally is not served and does not have a right to use the track limited to one customer. We cannot hold this was such "substituted condemnation" as is authorized. *Bradley v. Lithonia &c. R. Co.,* 141 Ga. 741, 742 (2) (82 SE 138); *Atlanta &c. R. Co. v. Bradley,* 141 Ga. 740, 741 (2) (81 SE 1104); *Bradley v. Lithonia &c. R. Co.,* 147 Ga. 22 (2) (92 SE 539), and cases cited thereunder. The use by one customer alone does not prove same is not for public use for if other members of the public may use it and are not excluded from its use this "does not negative the public character of the use." See *Harrold Bros. v. Mayor &c. of Americus,* 142 Ga. 686, 688 (83 SE 534); *Dept. of Transportation v. Livaditis,* 129 Ga. App. 358, 362 (199 SE2d 573). Here, the trial judge in considering the findings before the court was authorized to find the spur track was for the use of one customer of the railroad and no other, and no one else could use same. This effectively disposes of the bulk of condemnor's enumerations of error adversely to it.

4. However, since the dismissal carries with it the issue of eminent domain of private property, no issue of attorney fees remains as so stated in Division 1. Direction is therefore given that the portion of the final judgment of dismissal allowing further action as to application for

attorney fees and other costs be stricken.

*Judgment affirmed with direction. Bell, C. J., and Smith, J., concur.*

ARGUED JUNE 28, 1977 — DECIDED NOVEMBER 9, 1977 — REHEARING DENIED DECEMBER 1, 1977 —

*Ferrin Y. Mathews, Ralph C. Jenkins, Huie, Ware, Sterne, Brown & Ide, W. Stell Huie, Lawrence L. Thompson, Charles N. Pursley, Jr., Anne E. Emanuel,* for appellant.

*Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr., M. H. Blackshear, Jr.,* for appellees.