55451, 55452. CITY OF ATLANTA v. ROSEBUSH et al.; and vice versa.
55495, 55496. CITY OF ATLANTA v. WHITE et al.; and vice versa.

BELL, Chief Judge.

These are condemnation cases brought by City of Atlanta. In all cases condemnees sought reasonable and necessary expenses of litigation by way of "counterclaim." The main condemnation actions were voluntarily dismissed by the condemnor and over the condemnees' objection. The trial court after a hearing held that the condemnor was authorized to dismiss and that the condemnees were entitled to expenses of litigation in stated amount. The condemnor has appealed in case nos. 55451 and 55495. The condemnees cross appeal in case nos. 55452 and 55496. *Held:*

1. *Main appeals, case nos. 55451 and 55495.* In *White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385), the Supreme Court held that the reasonable and necessary expenses of litigation, including attorney fees incurred by condemnees in eminent domain cases, are a part of the just and adequate compensation to be paid when private property is taken for public purposes. In *City of Atlanta v. Atlanta Gas Light Co.,* 144 Ga. App. 157 (240 SE2d 730),

we held that where nothing has been condemned no expenses of litigation were authorized. Nonetheless the condemnees contend that under the Georgia Relocation Assistance And Land Acquisition Policy Act of 1973 expenses of litigation are still permitted. Ga. L. 1973, p. 512 (Code Ann. § 99-3701 et seq.). Section 6 of this statute provides for the payment of litigation expenses when a condemnation proceeding is formally abandoned by the acquiring public entity. Ga. L. 1973, pp. 512, 515 (Code Ann. § 99-3706). The Relocation Act permits various governmental authorities, including municipal corporations, to promulgate rules in order to make certain statutory grants through an administrative process. Section 11 of the Act states in part: ". . . The determination by the Several Public Entities of the amount of any payment and to whom it shall be paid may be appealed and judicially reviewed in the manner prescribed by the Georgia Administrative Procedure Act." Section 10 also provides in part: "Nothing contained in this Chapter shall be construed as creating in any condemnation proceeding brought under the power of eminent domain, any element of value or of damage." Therefore, this statutory authority for payment of litigation expenses administratively is separate and apart from a condemnation proceeding. *De-Kalb County v. United Family Life Ins. Co.,* 235 Ga. 417 (219 SE2d 707). The record clearly shows here that the condemnees' claims for litigation expenses were solely a part of the just and adequate compensation for the property to be condemned in the original condemnation suits. They have not invoked the cited portion of the relocation statute as they had not filed an administrative claim on the City of Atlanta for these expenses as the statute contemplates. Consequently, since no property was condemned, no expenses of litigation were authorized. *City of Atlanta v. Atlanta Gas Light Co.,* supra. The parts of the trial court's orders granting these expenses must be reversed.

2. *Cross Appeals, case nos. 55452 and 55496.* The cross appeals concern the correctness of the trial court's ruling that the city condemnor can voluntarily dismiss these suits over the condemnees' objection. CPA § 41 (a) (Code Ann. § 81A-141 (a)), provides in part: ". . . If a

counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for an independent adjudication by the court. . . " As we have held in the main appeals that the condemnees could not recover expenses of litigation under the condemnation suits and that condemnees have not properly invoked the Relocation Act for recovery of these expenses, the condemnees' claims are not counterclaims that might prevent the voluntary dismissal of the main suits under CPA § 41 (a), supra. *Hinson v. Dept. of Transportation,* 230 Ga. 314 (196 SE2d 883).

*Judgments reversed in case nos. 55451 and 55495; judgments affirmed in case nos. 55452 and 55496. Shulman and Birdsong, JJ., concur.*

ARGUED FEBRUARY 27, 1978 — DECIDED APRIL 19, 1978 — REHEARING DENIED MAY 26, 1978 — ▪▪▪▪▪▪

*Ferrin Y. Mathews, Bernard R. Thomas, Alford J. Dempsey, Jr.,* for City of Atlanta.
*Webb, Young, Daniel & Murphy, Thomas L. Murphy,* for Rosebush et al. and White et al.