34357, 34358. GUHL et al. v. PINKARD et al. (two cases).

UNDERCOFLER, Presiding Justice.

In this zoning case, the trial court declared the single family residential (R-100) zoning on the property owners' land unconstitutional and remanded the case to the county commissioners, who rezoned the property for multi-family residential uses (R-A5). The property owners had sought office and commercial zoning. The trial court then also declared the R-A5 zoning unconstitutional. The commissioners appeal both rulings. We affirm in Case No. 34358 involving the R-100 zoning and reverse in Case No. 34357 regarding the R-A5 zoning.

In *Guhl v. Davis,* 242 Ga. 356 (249 SE2d 43) (1978), we reiterated that issues involving the constitutionality of legislative enactments, including zoning ordinances, are questions of law for the courts.[1] The test is most aptly expressed in *Guhl v. M. E. M. Corp.,* 242 Ga. 354, 355 (249 SE2d 42) (1978): "When the 'reasonableness' of [a] zoning classification is questioned, it is a special kind of 'reasonableness'—constitutional reasonableness—that must be decided. We do not ask whether another zoning classification might be more logically and economically 'reasonable' or desirable on all the facts than the one attacked, because that is not the question. We ask whether the [property owner] has carried the burden of showing that the zoning under attack is so detrimental to him, and so insubstantially related to the public health, safety, morality and welfare, as to amount to an unconstitutional 'taking,' that is, an arbitrary confiscation of his property without compensation by the governing authority. *Barrett v. Hamby,* 235 Ga. 262-266 (219 SE2d 399) (1975). The inquir[i]es outlined in *Guhl v. Holcomb Bridge Road Corp.,* 238 Ga. 322, 323-324 (232 SE2d 830) (1977), are relevant in determining constitutional reasonableness."

The evidence presented at the hearings shows that the approximately six acre plot in question fronts on Briarcliff Road about one thousand feet from the intersections of Briarcliff and Clairmont roads in De-Kalb County. Although those corners are developed

---

[1]There is no merit in the commissioners' contention that the "any evidence rule" applies on the appeal of zoning decisions. Although judicial review of zoning, like all reviews of leg' 'lative decisions, is limited (see *Bentley v. Chastain,* 242 Ga. 348 (249 SE2d 38) (1978)), once a constitutional issue is presented, this court must consider all the facts and circumstances in reaching its own decision on the merits of the ordinance's constitutionality. It is a question of law and the "any evidence rule" is inapplicable. This is not inconsistent with anything said in *Olley Valley Estates v. Fussell,* 232 Ga. 779 (208 SE2d 801) (1974), as urged by the commissioners.

commercially, the tract in question is separated from the commercial development by a creek and flood plain and a power easement. There are some apartments across the street, but the land is essentially surrounded by single family residences. Considering the neighborhood in which the property is located, the expert testimony as to values and the economic and practical feasibility of developing the land for residential uses and its impact on the neighboring property, traffic and water considerations, and the presence of a buffer, we agree with the trial court that the single family residential zoning is unconstitutional, but disagree that the R-A5 zoning amounts to a deprivation of the owners' property. We therefore affirm in Case No. 34358 and reverse in Case No. 34357.

2. There is no merit to the commissioners' enumeration of error that the trial court erred in refusing to grant them a jury trial. *Guhl v. Davis,* supra; *City Council of Augusta v. Carpenter,* 240 Ga. 448 (241 SE2d 199) (1978).

*Judgment affirmed in Case No. 34358; reversed in Case No. 34357. All the Justices concur.*

ARGUED JANUARY 10, 1979 — DECIDED JANUARY 24, 1979 — REHEARING DENIED FEBRUARY 14, 1979 IN CASE No. 34357.

*George P. Dillard, Gail C. Flake,* for appellants.
*G. Thomas Crichton, Walter P. McCurdy, Jr., Zachary & Segraves, William E. Zachary, Jr., Kenneth W. Carpenter, Harrison, Childs & Foster, Richard W. Swanson,* for appellees.