## 34751. VILLAGE CENTERS, INC. et al. v. CITY OF ATLANTA.

JORDAN, Justice.

This is an appeal from a rezoning case which raises issues similar to those considered and decided in *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975) and its progeny, *Guhl v. M. E. M. Corp.,* 242 Ga. 354 (249 SE2d 42) (1978); *Guhl v. Davis,* 242 Ga. 356 (249 SE2d 43) (1978); *Guhl v. Pinkard,* 243 Ga. 129 (252 SE2d 612) (1979).

The factual situation involved in this case began when the appellant property owners sought to have a tract of approximately nine (9) acres located on Roswell Road just south of the intersection of Roswell Road and Wieuca Road in the City of Atlanta, Georgia, rezoned from a low density residential classification (R-4) to a high density commercial classification (C-1) for the development of a shopping center. The City Council of Atlanta denied appellants' petition for rezoning. Appellants filed this action claiming that the existing classification was confiscatory and that as applied to appellants' property the city's zoning ordinance was unconstitutional. After a full evidentiary hearing, the trial court upheld the city's decision.

In its order the trial court stated that "[t]he sole question to be determined by this court is the constitutionality of the City of Atlanta Ordinance as applied to plaintiff's property in the denial of the application for it to be rezoned to allow the construction of a shopping center complex . . ."

Appellants contend that the trial court has employed an incorrect standard of review, and we agree. "When the 'reasonableness' of [a] zoning classification is questioned, it is a special kind of 'reasonableness' — constitutional reasonableness — that must be decided. We do not ask whether another zoning classification might be more logically and economically 'reasonable' or desirable on all the facts than the one attacked, because that is not the question. We ask whether the [property owner] has carried the burden of showing that the zoning under attack is so detrimental to him, and so insubstantially

related to the public health, safety, morality and welfare, as to amount to an unconstitutional 'taking,' that is, an arbitrary confiscation of his property without compensation by the governing authority. *Barrett v. Hamby*, 235 Ga. 262, 265-266 (219 SE2d 399) (1975). The inquir[i]es outlined in *Guhl v. Holcomb Bridge Road Corp.*, 238 Ga. 322, 323-324 (232 SE2d 830) (1977) are relevant in determining constitutional reasonableness." *Guhl v. M. E. M. Corp.*, supra at 355.

The function of the trial court in a zoning appeal is to determine if the present zoning is constitutional, not to scrutinize any other proposed uses. In this case, the trial court evaluated the specific proposed use for the land rather than reviewing the constitutionality of the present zoning classification.

A review of the extensive record in this case produces no evidence which supports the use of the subject property as presently zoned. Rather, the evidence presented demands a finding that the present zoning amounts to an unconstitutional deprivation of the owners' property.

The judgment of the trial court is reversed, and this case is remanded for the purpose of having the subject property rezoned in a constitutional manner by the proper authority.

*Judgment reversed and remanded. All the Justices concur, except Hall and Hill, JJ., who concur in part and dissent in part, and Undercofler, P. J., who dissents.*

ARGUED APRIL 10, 1979 — DECIDED JUNE 20, 1979 —
REHEARING DENIED JULY 17, 1979.

*Freeman & Hawkins, Paul M. Hawkins, Douglas L. Cronkright, Howell Hollis, III,* for appellants.

*Ferrin Y. Matthews, Thomas A. Bowman,* for appellee.

HALL, Justice, concurring in part and dissenting in part.

I concur in so much of the majority opinion as concludes that the trial court applied the wrong test to the evidence before it. I would remand to that court for it to reconsider the evidence in light of the proper standard.

HILL, Justice, concurring in part and dissenting in part.

The subject property is located on the east side of Roswell Road just south of Wieuca Road and Wieuca Shopping Center. Further south, on the same side of Roswell Road, the residences have been converted to businesses. Both corners of the block in question are zoned for commercial use. The property on the west side of Roswell facing the subject property is zoned for apartments.

As seen from the diagram which accompanies this opinion, the problem is that the Youngs' property extends from Roswell Road for a distance of up to 1100 feet into a residential area and is adjacent to the back yards of about 20 residential lots on Rickenbacker Drive, Rickenbacker Way and Midvale Drive.

No one on this court disputes that that part of the Youngs' property which fronts on Roswell Road cannot be used for residential purposes for which it is zoned. It is the rear of the Youngs' property, that part which is adjacent to the residential neighborhood, which creates the problem.

Before considering that problem, let me say that I agree with Presiding Justice Undercofler that the evidence does not show that the three residences on Rickenbacker Way are unconstitutionally zoned. Moreover, neither the developer, Village Centers, nor the Youngs, can add those lots to their property and claim that because some of their holdings must be rezoned, all of their holdings must be rezoned. Similarly, I agree with Presiding Justice Undercofler that the evidence does not show that the property adjacent to the Youngs facing Roswell Road now zoned commercial limited (CL) is unconstitutionally zoned.

Now let's return to the central problem. Because that part of the Youngs' property which fronts on Roswell Road cannot be used for the purpose for which it is zoned (residential), such zoning deprives the Youngs of their Roswell Road frontage property without due process of law and is unconstitutional. *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322 (232 SE2d 830) (1977). Can the road frontage be severed and rezoned, leaving the remainder landlocked and zoned residential? Clearly it cannot be.

The Youngs would then own the interior of this block, which they could not use. Such severance, etc., would itself be a denial of the Youngs' property rights. As I see it, the core of this property must go with the road frontage.

But what of the Youngs' residential neighbors? Can they be required to live adjacent to the rear of a shopping center? They will not be deprived of the use of their property by the rezoning of the Youngs' property. See *Cross v. Hall County*, 238 Ga. 709, 711 (235 SE2d 379) (1977). Neighbors whose constitutional rights are not violated should not be heard to complain that the property owners' constitutional rights are being protected. I therefore concur in so much of the majority decision as upholds the rights of the Youngs, and dissent from the remainder of that decision.

UNDERCOFLER, Presiding Justice, dissenting.

The majority has the facts confused. There is not one tract zoned R-4. There are six separately owned tracts which comprise 9.6 acres. Village Centers alleges it has contracted to purchase the tracts but the contracts are not in evidence. Appellant Young owns two tracts, which adjoin, containing approximately 7.5 acres, zoned R-4. Three other tracts are owned by individuals and are comprised of houses on lots of approximately one-third acre each, zoned R-4. The sixth tract is owned by an individual and a corporation. It is approximately three-quarters of an acre, zoned CL (commercial limited).

The majority errs in four respects:

1. The owners of four tracts are not parties to this suit. We cannot declare zoning classifications unconstitutional where the owners of the property are not parties. They are indispensable. See *Riverhill Community Assn. v. Cobb County Bd. of Commissioners,* 236 Ga. 856, 858 (226 SE2d 54) (1976).

2. The majority opinion does not decide the constitutionality of the tract that is now zoned CL. As a matter of fact, there is no evidence that this classification is unconstitutional.

3. There is no evidence that the R-4 zoning classifications for the three residences on one-third acres are unconstitutional. It is only shown that they are much more valuable for the purpose of providing a side entrance to the proposed shopping center.

4. The trial court's refusal to declare unconstitutional the R-4 and CL zoning classifications of the composite tract under the facts found by it is demanded by the evidence. The entire tract penetrates into a residential area as much as 1100 feet. The rear portion is abutted on three sides by residences. The additional traffic will increase already hazardous traffic conditions. The property is in a flood plain of Nancy Creek and the present classification minimizes flooding. The surrounding properties would be severely depreciated by a rezoning of the rear portion of the property. Other properties in the immediate area fronting on the main road to a reasonable depth are zoned commercial limited, apartments, and institutional.