### 35004. CITY OF ATLANTA et al. v. HEIRS OF CHAMPION et al.

BOWLES, Justice.

Certiorari was granted in this case to review the decision of *Heirs of Champion v. City of Atlanta,* 149 Ga. App. 470 (254 SE2d 706) (1979). Upon our consideration of the case, we reverse the Court of Appeals and affirm the trial court in holding that the City and MARTA acted responsibly, reasonably, and in good faith, and did not abuse the broad discretion vested in them in deciding that fee simple acquisition was necessary.

---

The facts of this case are set forth in the Court of Appeals' decision and will not be repeated except to say that the case involves the condemnation of land in downtown Atlanta for use in constructing an entrance to an underground terminal to be constructed by MARTA. It was generally agreed that MARTA needed rights to the surface, sub-surface, and 36 feet of air space above the surface. The controversy centered around the condemnee's desire to retain the air rights above 36 feet, and MARTA's conflicting desire to acquire the parcel in fee simple.

The Court of Appeals, while recognizing the broad discretion vested in a condemning authority to condemn in fee simple, found that the record in this case did not authorize the trial court's finding that the city reached a good faith determination that fee simple ownership of the subject property was reasonably necessary for the fulfillment of MARTA's public purposes. In so holding, the Court of Appeals improperly acted as a fact finder, substituting its judgment for that of the special master and the trial judge.

Code Ann. § 36-603 (a) provides that an authorized condemning body shall be the exclusive judge of the public need of property to be acquired and *the amount of property* to be acquired for the public purpose. See *Zuber Lumber Co. v. City of Atlanta,* 237 Ga. 358 (227 SE2d 362) (1976). The question of whether there is a necessity for taking the fee is a matter of legislative discretion, which will not be interfered with or controlled unless the authority acts in bad faith or beyond the powers conferred upon it by law. *Miles v. Brown,* 223 Ga. 557 (156 SE2d 898) (1967). "In the absence of bad faith, the exercise of the right of eminent domain rests largely in the discretion of the authority exercising such right, as to the necessity, and what and how much land shall be taken." *King v. City of McCaysville,* 198 Ga. 829 (33 SE2d 99) (1945); *Kellett v. Fulton County,* 215 Ga. 551 (111 SE2d 364) (1959).

The record in this case contains evidence to sustain MARTA's determination of reasonable necessity for acquiring fee simple title to the subject property. While a court may disagree with the methods the condemning authority may choose to accomplish its objectives, it is not

authorized to substitute its judgment for that of the authority. On appeal, the judgment must be affirmed unless shown to be clearly erroneous.

In this case, the special master found that condemnation of the subject property in fee simple was reasonably necessary for MARTA's public project. The trial judge entered a judgment condemning the property in fee simple for the use of the city. Even though the evidence regarding necessity may have been in conflict, the trial judge was authorized to determine the factual issues in the case. These findings should not be disturbed on appeal if there is evidence to support them. *Barrett v. State Hwy. Dept.,* 211 Ga. 876 (89 SE2d 652) (1955). The Court of Appeals improperly invaded the province of the trial judge by imposing its own evaluation of the evidence. Therefore, we reverse their judgment and affirm the trial court's opinion.

*Judgment reversed. All the Justices concur, except Nichols, C. J., Undercofler, P. J., and Hill, J., who dissent.*

ARGUED SEPTEMBER 10, 1979 — DECIDED OCTOBER 16, 1979 —
REHEARINGS DENIED OCTOBER 30 AND NOVEMBER 6, 1979.

*Kutak, Rock & Huie, W. Stell Huie, Charles N. Pursley, Jr., David G. Russell,* for appellants.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Senior Assistant Attorney General, Norman S. Fletcher,* amicus curiae.

*Troutman, Sanders, Lockerman & Ashmore, J. Kirk Quillian, Robert L. Pennington,* for appellees.

NICHOLS, Chief Justice, dissenting.

I cannot subscribe to the majority's holdings that "the Court of Appeals improperly acted as a fact finder, substituting its judgment for that of the special master and the trial judge," and that "On appeal, the judgment must be affirmed unless shown to be clearly erroneous," and, finally, that in regard to the actions of the special master and the trial court, "These findings should not be disturbed on appeal if there is any evidence to support them."

No citation of authority is offered by the majority in support of the first two principles because, I submit, no authority exists for such holdings. The citation offered in support of the third precept upon which the majority's decision turns dealt not with constitutional challenges to the exercise of the power of eminent domain; but rather, with judicial review of the denial of a temporary injunction. *Barrett v. State Hwy. Dept.,* 211 Ga. 876 (89 SE2d 652) (1955). Not only is the articulated basis for the majority's decision unsupported by authority, but it is contrary to prior holdings indicating, quite positively, that the question of what constitutes a "public use," authorizing exercise of the power of eminent domain, is a question of law for the courts — not a question of fact for the finder of the facts. *Piedmont Cotton Mills v. Ga. R. &c. Co.,* 131 Ga. 129, 136 (62 SE 52) (1908); *Housing Authority of the City of Atlanta v. Johnson,* 209 Ga. 560, 563 (74 SE2d 891) (1953); *City of Atlanta v. Atlanta Gas Light Co.,* 144 Ga. App. 157 (240 SE2d 730) (1977).

It is apparent from the record that MARTA is seeking in this case to condemn private air rights unneeded in any respect in connection with its public purposes, and that MARTA intends to sell, lease or otherwise dispose of these excess air rights to unspecified private persons for their use in the development of structures that are being planned for construction within the air spaces over MARTA's facilities. The record reveals that MARTA's engineers already have provided within the confines of MARTA's planned facilities spaces for footings upon which these contemplated overhead structures can be supported. I cannot ignore these facts. Neither can I hold that the taking of the excess air rights was constitutional. Hence, I must dissent.

UNDERCOFLER, Presiding Justice, dissenting.

The question of necessity presented by this case is of constitutional dimensions and is a question of law to be decided by the courts. *Piedmont Cotton Mills v. Ga. R. &c. Co.,* 131 Ga. 129 (62 SE 52) (1908); *Atlantic & B. R. Co. v. Penny,* 119 Ga. 479 (46 SE 665) (1903). It is not an "any evidence" test as the majority implies. *Guhl v. Pinkard,* 243 Ga. 129 fn. 1 (252 SE2d 612) (1979). The Court of

Appeals has reviewed the evidence and has determined as a matter of law that MARTA acted beyond its authority in condemning airspace it did not need to accomplish its public purpose. I would dismiss the writ of certiorari as having been improvidently granted.

It is interesting to note that the Court of Appeals held that MARTA merely obtained an easement, rather than fee simple title, in that portion of the property which is conceded to be essential. There is ample authority that airspace may be owned in fee simple. Wright, The Law of Airspace (1968); Final Draft of Model Airspace Act, 7 Real Property, Probate and Trust Journal 353 (1972); Pearson v. Matheson, 102 S. C. 377 (86 SE 1063) (1915).