## 35206. HUBERT REALTY COMPANY et al. v. COBB COUNTY BOARD OF COMMISSIONERS et al.

Jordan, Justice.

The appellants, a real estate developer and two individual landowners, requested the Cobb County Board of Commissioners to rezone their 12.484 acres from residential (R-20) to neighborhood shopping (NS), general commercial (GC) and office and institutional (OI). Their request was denied. They appealed to the Cobb County Superior Court contending that the R-20 classification amounted to an unconstitutional taking of their property

without just compensation and asked that the pertinent ordinances be declared unconstitutional as to them. The superior court issued findings of fact and conclusions of law upholding the action of the Cobb County Board.

Appellants appeal this result and argue that the trial judge did not base his findings on substantial evidence found in the record and challenged his conclusion that the requested rezoning of this property would constitute "spot-zoning" and that the existing R-20 classification was constitutional.

The property in question is located on Johnson Ferry Road between Upper and Lower Roswell Roads in East Cobb County. It is undisputed that all of the surrounding property is zoned for single family residential purposes. It is also undisputed that commercial zoning and commercial development exists at least within a half-mile of the subject property. Appellant landowners formerly owned more acreage abutting the tract they now want to develop commercially which they sold for residential development. Testimony at the trial indicated that the property would be worth approximately ten times the amount it would be worth at its present residential zoning if it were rezoned to allow commercial uses. On the other hand, there was testimony that the property could be sold at its current zoning classification for approximately $7,000 per acre.

The trial judge found that the property had as much value for residential purposes as property surrounding it or near it; that if the property were rezoned, its surrounding property would have to be rezoned and that this would place such a burden on existing services and traffic that it would create a hardship for the county.

"As the individual's right to the unfettered use of his property confronts the police power under which zoning is done, the balance the law strikes is that a zoning classification may only be justified if it bears a substantial... relation to the public health, safety, morality or general welfare." *Barrett v. Hamby,* 235 Ga. 262, 265 (219 SE 2d 399) (1975). Though presumptively valid, a zoning ordinance must be shown to be constitutionally reasonable — that is; "[we] do not ask whether another zoning classification might be more logically and econom-

ically 'reasonable' or desirable on all the facts than the one attacked, because that is not the question. We ask whether the plaintiff has carried the burden of showing that the zoning under attack is so detrimental to him, and so insubstantially related to the public health, safety, morality and welfare, as to amount to an unconstitutional 'taking,' that is, an arbitrary confiscation of his property without compensation by the governing authority. [Cit.]" *Guhl v. M. E. M. Corp.*, 242 Ga. 354, 355 (249 SE2d 42) (1978).

Louis J. Smith, a Cobb County planner, testified that the land use plan for the county embodied an effort to consolidate commercial activity at intersections (presumably, larger intersections) and to avoid "strip zoning" down arterial streets such as Johnson Ferry Road. He testified that the county was trying to establish some "firm cutoff points" for commercial activity in order to maintain the residential zoning intact. In testifying as to the neighborhood surrounding the subject property, Mr. Smith was very clear that the county had an organized, specific design that it was trying to implement and which the governing authority considered "reasonable," so that the entire area would not fall to a commercial zoning reclassification.

Mr. Smith testified at length about the traffic situation on Johnson Ferry Road and about how traffic was barely controllable with the zoning set as residential and how drastically the situation would deteriorate if a commercial zoning reclassification allowed a shopping center to be built. Residential subdivisions, on the other hand, would represent much less of a problem because the pertinent zoning ordinance did not allow curb cuts for individual driveways onto Johnson Ferry Road, so that the houses in these subdivisions had to front on interior streets off of Johnson Ferry. Curb cuts for driveways for shopping centers though, would have to be allowed. This testimony was particularly convincing as to the reasonableness of the present residential zoning and of its substantial relation to the public health, safety and welfare.

Our function on appellate review in a zoning case is, "once a constitutional issue is presented, [to] consider all

the facts and circumstances in reaching [our] own decision on the merits of the ordinance's constitutionality." *Guhl v. Pinkard,* 243 Ga. 129, 130 n. 1 (252 SE2d 612) (1979). "The function of the trial court in a zoning appeal is to determine if the present zoning is constitutional, not to scrutinize any other proposed uses." *Village Centers, Inc. v. City of Atlanta,* 244 Ga. 43, 44 (257 SE2d 894) (1979).

We affirm the judgment of the trial court upholding the constitutionality of the zoning ordinance in question as applied to appellant's property.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1979 — DECIDED JANUARY 24, 1980 — REHEARING DENIED FEBRUARY 19, 1980.

*N. William Pettys, Jr.,* for appellants.
*Ben F. Smith,* for appellees.