## 56640. HEIRS OF W. L. CHAMPION et al. v. CITY OF ATLANTA.

SMITH, Judge.

On certiorari to the Supreme Court, this case was reversed. Therefore, *Heirs of Champion v. City of Atlanta,* 149 Ga. App. 470 (254 SE2d 706) (1979), is vacated and the decision of the Supreme Court in *City of Atlanta v. Heirs of Champion,* 244 Ga. 620 (261 SE2d 343) (1979), is adopted as the decision of this court.

The majority in the Supreme Court, in reversing the Court of Appeals, stated that the necessity for the taking of the fee in the condemnation case cannot be interfered with unless the condemnor acted in bad faith or beyond the powers conferred upon it by law. To this we agree. The majority also held that the Court of Appeals improperly acted as a fact finder. The only way that it can be determined whether or not the condemnor acted in bad faith or beyond the powers conferred upon it by law is for the court to look at the facts. And, if the facts do not sustain that well known principle of law that the condemnor is taking only enough of the fee to carry out the purpose for which it was created, then it is an unconstitutional taking. The courts would never be able to say that a condemnor was guilty of an unconstitutional taking if it was not allowed to look to the facts the condemnor used to justify the taking. The majority looked at the facts when it stated that the evidence sustained MARTA's position as to the necessity of the taking. However, this same majority would deny the Court of Appeals the same privilege, i. e. to look to the evidence to see if it is sufficient to authorize a constitutional taking of the air rights that are not necessary to the operation of their rapid transit system. If the latter were true then there would be no need in appealing a condemnation case dealing with an unconstitutional taking. This is true inasmuch as the Court of Appeals could never determine the constitutionality of a taking if the court could not look at the evidence upon which the taking was based.

*Judgment affirmed. Deen, C. J., and Banke, J., concur.*

ARGUED OCTOBER 3, 1979 — DECIDED MARCH 20, 1980.

*J. Kirk Quillian,* for appellants.

*Murray F. Bahm, W. Stell Huie, David G. Russell, Charles N. Pursley, Jr.,* for appellee.